OF

# THE SUPREME COURT

OF THE

## STATE OF ILLINOIS,

### NOVEMBER TERM, 1849, AT MOUNT VERNON.

---

ELIJAH FAIRLEE, *vs.* THE PEOPLE.

*Error to Pulaski.*

Where the intent with which an act is done, is charged to have been felonious, it is not ne-
cessary to aver in the indictment, that the act itself was unlawful or felonious.
An act apparently lawful in itself, when done with a felonious intent, becomes thereby un-
lawful.

Elijah Fairlee was indicted for the murder of Perry Herrill, in the Johnson county Circuit Court. A change of venue was allowed to Pulaski county. At the special term of Pulaski county Circuit Court, held in November, 1848, after a motion to quash the indictment had been overruled, the case came on for trial before Denning, Judge, and a jury. The jury returned a verdict for manslaughter, and found that defendant should be confined to the penitentiary for four years and six months. After verdict, motions for a new trial and in arrest of judgment were made, and overruled.

The indictment was as follows:

State of Illinois, ⎱ *Sct.*
Johnson county, ⎰

Of the October term of the Johnson Circuit Court, in the year of our Lord one thousand eight hundred and forty-eight.

The grand jurors chosen, selected and sworn in and for the county of Johnson, in the name and by the authority of the people of the state of Illinois, upon their oaths present: That Elijah Fairlee, late of the county aforesaid, not having the fear of

1

God before his eyes, but being moved and seduced by the insti-
gation of the devil, and of his malice aforethought, wickedly, con-
trivingly, and intending one Perry Herrill with the small pox, wil-
fully, feloniously, and of his malice aforethought, to kill and mur-
der, on the tenth day of June in the year of our Lord one thou-
sand eight hundred and forty-seven, with force and arms at the
county of Johnson, and state of Illinois, with a large quantity of
a certain dangerous and deadly matter, called *virus* of small
pox, to wit: the quantity of two drachms of the said *virus* of small
pox, did then and there innoculate Lacklin L. Weaver, Barnet
Weaver the younger, Catharine Ann Weaver, Jasper N. Wea-
ver, and Littlejohn Weaver, then and there became and was in-
flicted with the small pox; the said Elijah Fairlee, then and
there well knowing that the said Lacklin L. Weaver, Barnet
Weaver the younger, Catharine Ann Weaver, Jasper N. Weaver,
and Littlejohn Weaver would then and thereby become infected
with the small pox, and he, the said Elijah Fairlee, then and
there also well knowing the said *virus* of small pox to be a dan-
gerous and deadly matter, calculated and tending to cause the
small pox as aforesaid, and that the jurors aforesaid, upon their
oaths aforesaid, do further present that the said small pox with
which the said Lacklin L. Weaver, Barnet Weaver the younger,
Catharine Ann Weaver, Jasper N. Weaver, and Littlejohn Wea-
ver were then and there infected as aforesaid, was then and
there an infectious, dangerous and fatal disease, by means where-
of the said Perry Herrill then and there became and was infec-
ted with the said disease called the small pox aforesaid, by
means whereof he, the said Perry Herrill, then and there be-
came sick and greatly distempered in his body, and the said
Perry Herrill, of the disease aforesaid, with which he was so
infected as aforesaid, and of the sickness occasioned thereby,
from the said tenth day of June in the year of our Lord one
thousand eight hundred and forty-seven, until the fifteenth day
of the same month in the same year, at the county aforesaid,
did languish and languishing did live, and on which said fif-
teenth day of June, in the year last aforesaid, the said Perry
Herrill, at the county of Johnson of the said disease, and of the
sickness occasioned thereby, died, and so the jurors aforesaid,
upon their oaths aforesaid, do say that the said Elijah Fairlee,

the said Perry Herrill in manner and form aforesaid, feloniously, wilfully, and of his malice aforethought, did kill and murder contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the state of Illinois.

(Signed,)    "S. S. MARSHALL, *State's Attorney.*"

The evidence in this cause is preserved in bills of exceptions. And on behalf of the prosecution is in substance as follows: that in the year 1847, defendant, as a physician, was called on by one Barnet Weaver to vaccinate his children with the kine pox, that defendant agreed to do so, and accordingly afterwards, in a day or two, went to the house of said Weaver, and in pursuance of said promise, did vaccinate or innoculate the children. That afterwards, in about eight or ten days, the children became sick of a disease believed to be small pox. That the small pox was at that time, and had been for more than one month previous, within one mile of Weaver's.

That *Perry Herrill,* the deceased, came to the house of Weaver while his children were sick with said disease. He was also frequently at one Standard's, where the family had the small pox. That upon one occasion Perry Herrill and defendant were at Weaver's at the same time; defendant requested Perry Herrill to smell of a phial, saying, "does not it smell like a dead rat?" That Perry Herrill sickened and died in Johnson county, in July, 1847, of the disease called small pox. And that some days before he died, he said that he wished that he had taken a chair and knocked Fairlee down, and divers conversations of defendant were proved in which he boasted of his powers to cure the small pox, and that he had it locked up in his saddle bags.

On behalf of the defendant, it was proved that the small pox was brought to the neighborhood of Weaver, by Mrs. Gore, before defendant came to that neighborhood, and that several persons had taken that disease of her. That the deceased, Perry Herrill, was frequently with those who had taken the disease of Mrs. Gore, before he took sick with the disease.

Errors assigned, viz:

1. The Court erred in overruling motion to quash.

2. The Court erred in permitting improper evidence to be given to jury.

3. The Court erred in overruling motion in arrest of judgment and for a new trial.

4. The Court erred in giving instructions one and two.

5. The Court erred in rendering judgment against defendant.

J. Dougherty, for plaintiff in error, made the following points:

The indictment is bad on demurrer or in arrest of judgment, because it does not charge the act of innoculating at Weaver's, as having been done with malice aforethought, or feloniously. Nor does the indictment charge the act as being done unlawfully, or without due caution or circumspection.

" It is necessary to state that the act, by which the death was occasioned, was done feloniously; and especially, that it was done with malice aforethought." See 1 Russell on Crimes, page 563; Archbold's Cr. Pl. 49; Revised Statutes, page 155, section 25.

" In criminal cases, motion in arrest of judgment opens the entire record for examination, and reaches any apparent defect therein." See 3d Scammon's Rep., Gardner *vs.* The People, pages 87 and 90.

The evidence in this case does not fix upon the defendant any crime whatever. The only act charged upon him by the evidence is, that of innoculating Weaver's children; and this was done in the capacity of a physician, and had any one of his patients died under his treatment, while he was honestly endeavoring to cure or prevent disease, he would not be guilty of murder or manslaughter. See 6th Massachusetts Rep., p. 132, Commonwealth *vs.* Thompson.

The real and only pretence for the prosecution in this case, as will be seen by the evidence, was a charge of spreading the disease known as the small pox, whereby the deceased, Perry Herrill, died. But in this the prosecution wholly failed, as will be seen by reference to the evidence. This offence, if indictable in this state, would not subject the defendant to confinement in the penitentiary. See 1 Russell on Crimes, page 108–9.

The evidence in this case does not show that the death of Herrill was occasioned by some bodily injury, done by defendant to him, by force, by poison, or any other mechanical means, which occasioned the death. The only time it appears that they ever saw each other, was at the time deposed to by Weaver,

when Fairlee presented a phial to the deceased, and he smelled of it, saying afterwards that the phial smelled like a dead rat. And it is not pretended that this could in anywise occasion the death, as will appear by reference to the indictment and evidence. See 2d Starkie's Evidence, part 1, page 711, note (*r.*) See, also, Archbold's Cr. Law, page 406–7.

Opinion by Mr. Justice CATON:

The plaintiff in error was indicted in the county of Johnson for the murder of Perry Herrill. The venue was changed to the county of Pulaski, where he was tried and a verdict of manslaughter returned. A motion in arrest of judgment was overruled, and the prisoner was sentenced to the penitentiary, according to the verdict. He now prosecutes a writ of error, and assigns the insufficiency of the indictment; to which his counsel have raised several objections.

The indictment, when stripped of its verbiage, amounts to this: the grand jurors present, that Elijah Fairlee, of his malice aforethought, Perry Herrill with the small pox to murder, did innoculate the Weavers, with *virus* of small pox, whereby they became infected with that disease, as he had intended, and that the *virus* of small pox was a deadly matter, tending to create the small pox; and the grand jury further present, that the small pox with which the Weavers were infected, as aforesaid, was an infectious and fatal disease, by means whereof Perry Herrill became infected with the disease of which he died, and so &c.

It is first objected to the indictment, that the innoculation of the Weavers is not charged to have been feloniously done. The precedents for indictments for murder charge the *act* as well as the intent to have been felonious; but we are not prepared to say that where the intent with which the act was done, is charged to have been felonious, it is also necessary to aver that the act itself was unlawful or felonious. We are inclined to the opinion that an act apparently lawful in itself, when done with a felonious intent, becomes thereby unlawful. But waiving this objection, there is another which is fatal to this indictment. It is too uncertain to sustain the conviction. It does not show that the prisoner is guilty of the crime with which it attempts to charge him. It no where appears that Fairlee knew or expected that Herrill would contract the disease from those whom he

innoculated.  Fairlee is charged with intending to murder the deceased by the small pox, but it is not alleged that he accomplished his object, by innoculating the Weavers, and thus communicating the fatal disease to Herrill, or that he even intended to do so.  The real charge is, that the disease which the prisoner communicated to the Weaver's was an infectious and fatal disease, and that by reason of that disease being fatal and infectious, Herrill took it and died.  From ought that appears, he may have taken it from some other person whom the prisoner never saw.  Fairlee is not responsible for the disease being infectious, and it is only by reason of its being infectious that Herrill became diseased, and so far as appears, without the agency or knowledge of the plaintiff in error.  Were it shown that he had innoculated the Weavers with the design thereby of communicating the disease to the deceased, and thus producing his death, and that he had taken the disease of them, and died in consequence of it, according to such design, then it might be said that he was guilty of the act with which he is charged.  As it is, there is no connection shown between the act done by the prisoner and the death of Herrill, and for that reason, at least, the indictment is fatally defective.

The judgment of the Circuit Court is reversed, and the prisoner ordered to be discharged.

*Judgment reversed.*