## STATE *v*. BOYCE.

### Opinion delivered February 26, 1898.

1. PETIT LARCENY—INDICTMENT.—An indictment for petit larceny, a misdemeanor, need not allege that the stealing, taking, etc., was felonious. (Page 83.)

2. LARCENY—DESCRIPTION OF MONEY.—A general description of the money alleged to have been stolen is sufficient, under Sand. & H. Dig., § 1717. (Page 84.)

Appeal from Independence Circuit Court.

RICHARD H. POWELL, Judge.

#### STATEMENT BY THE COURT.

Appellee was indicted at the spring term, 1896, of the Independence circuit court for petit larceny. The indictment, omitting the caption, reads as follows: "The grand jury of Independence county, in the name and by the authority of the State of Arkansas, accuse Joe Boyce of the crime of larceny, committed as follows, viz.: That the said Joe Boyce, on the first day of October, 1895, in the county and state aforesaid, then and there being, $3 in the gold and silver coin and paper currency of the United States of America and of the value of $3, and of the property of one Marshall Rogers, then and there

being found, unlawfully did steal, take and carry away, against the peace and dignity of the State of Arkansas."

Appellee filed a demurrer to said indictment, which demurrer, omitting the caption, reads as follows: "Now comes the defendant, and demurs to the indictment herein, and for cause he says said indictment does not state facts sufficient to constitute an offense; therefore he prays judgment."

The court sustained the demurrer to said indictment, to which ruling of the court appellant excepted, and prayed an appeal to the supreme court, which appeal was granted by the attorney general after examining the transcript in said case

--- *E. B. Kinsworthy, Attorney General,* for appellant.

As the indictment is for a misdemeanor, and the statute does not state that it must be "feloniously" taken, it is not necessary to use the word "feloniously" in the indictment. Sand. & H. Dig., §§ 1717 and 1698. 18 Ark. 363; 60 Ark. 19; 49 Ark. 449; 47 Ark. 100; 43 Ark. 178; 22 Atl. 46; 17 R. I. 698; 156 U. S. 464; 8 How. 41; 2 McClain, Cr. Law, § 802. If the word "feloniously' had been used in the indictment, it would have been surplusage. 1 Bish. Cr. Law, § 810; 1 Bish. Cr. Pro. § 537; 90 N. C. 710; 82 N. C. 656; 88 N. C. 654; 1 Cal. 60; 17 Minn. 50; 113 Pa. St. 469; 1 Metcalf, 258.

HUGHES, J., (after stating the facts.) The indictment in this case charges only petit larceny, which is only a misdemeanor, the value of the money stolen being stated at less than ten dollars. Sand. & H. Dig., § 1699. It was therefore unnecessary to charge that the taking, etc., was feloniously done. It is true that the definition of larceny, according to our statute, is as follows: "Larceny is the felonious stealing, taking and carrying, riding or driving away, the personal property of another." Sand. & H. Dig., § 1694. Since the passage of this statute, a distinction has been made between grand and petit larceny. See act March 22, 1881 (p. 144). The word "steal" has a uniform signification, and in common as well as legal parlance means "the felonious taking and carrying away of the personal goods of another." *State* v. *Chambers*, 2 Green (Iowa), 311.

"Theft" is a popular name for larceny. *People* v. *Dona-hue*, 84 N. Y. 442. See *Skipwith* v. *State*, 8 Texas App. 138,

The indictment charges that the defendant "unlawfully did steal," etc. This is sufficient. The general description of the money charged to have been stolen is sufficient, under § 1717, Sand. & H. Dig. (Act of 1893.)

Reversed, with directions to overrule the demurrer.