THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLINTON ST. CLAIR, Plaintiff in Error.

*Announced orally April 8, 1910.*

1. INDICTMENT—*when an indictment for murder need not use word "unlawfully."* An indictment charging that the defendant "feloniously, willfully and with malice aforethought" made an assault upon a certain person, and that the defendant "feloniously, willfully and with malice aforethought" did kill and murder such person, is not fatally defective in omitting the word, "unlawfully," as the element of unlawfulness is included in the word "feloniously."

2. SAME—*the endorsement "a true bill" may be printed on back of indictment.* If the foreman of the grand jury signs his name to the endorsement "a true bill," on the back of the indictment, the statute is complied with, whether such endorsement is printed on the back of the indictment or is written thereon with a pen by some one other than the foreman.

MOTION to make writ of error a *supersedeas.*

B. A. KNIGHT, E. D. REYNOLDS, and G. E. JOHNSON, for plaintiff in error.

Mr. CHIEF JUSTICE FARMER announced the opinion of the court:

This is an application for a writ of error and that it be made a *supersedeas.* Defendant was indicted in the circuit court of Winnebago county for the crime of murder. A motion to quash the indictment was overruled. He pleaded not guilty, was tried, and the jury returned a verdict finding him guilty of murder in manner and form as charged in the indictment and fixing his punishment at death. After overruling a motion for a new trial and in arrest of judgment the court rendered judgment on the verdict and sentenced defendant to be hanged April 15, 1910.

There is no bill of exceptions in the record and no question is raised as to the guilt or innocence of defendant, and

no error is alleged on the trial except the ruling of the court in holding the indictment sufficient.

The principal contention of defendant is that the indictment is fatally defective in omitting the word "unlawfully." Our statute defines murder as "the unlawful killing of a human, being in the peace of the people, with malice aforethought, either express or implied." The first count of the indictment charges the defendant "feloniously, willfully and of his malice aforethought" made an assault upon Mary McIntosh in the peace of the people, with a knife, and then and there with said knife struck, cut, thrust and stabbed said Mary McIntosh upon her neck, causing a mortal wound, from which she instantly died, so the grand jurors upon their oaths say that the defendant feloniously, willfully and of his malice aforethought did kill and murder said Mary McIntosh, contrary to the form of the statute," etc. The next three counts are in substantially the same form, except they each charge the cuts and wounds were made upon different parts of the body. In none of the counts is the word "unlawfully" used, but the charge is that the act was committed feloniously, willfully and with malice aforethought. The word "feloniously," which is not found in the statute, is used in the indictment instead of the word "unlawfully."

Our statute provides that an indictment shall be deemed sufficient which states the offense in the terms and language of the statute, "or so plainly that the nature of the offense may be easily understood by the jury." It would be a strained and unreasonable construction of the language of this indictment to say that it is uncertain whether it charges that defendant's act was unlawful. In *Fairlee* v. *People,* 11 Ill. 1, the court said, in substance, that it was not prepared to say that where the intent with which an act was done is charged to have been felonious, it is also necessary to aver that the act itself was unlawful; that an act apparently lawful in itself, when done with a felonious intent

becomes thereby unlawful. In *Franklin* v. *State,* 108 Ind. 47, the indictment for an assault to commit murder omitted the word "unlawful" in the description of the offense, and it was contended this was a fatal defect. ·The court held the use of words of equivalent meaning to those employed by the statute was sufficient; that "felonious" was a word of more force and more comprehensive meaning than the word "unlawful," and that an act cannot be feloniously done and not be unlawful. (See, also, *Wenzorpflin* v. *State,* 7 Blackf. 186.) In *Davis* v. *Utah Territory,* 151 U.· S. 262, the indictment was for murder. The statute of Utah defined murder to be the "unlawful killing of a human being with malice aforethought." The indictment charged that the defendant "willfully, feloniously and of his deliberately premeditated malice aforethought did make an assault," etc. It was contended the indictment was insufficient because it did not allege the killing was unlawful. The Supreme Court, by Mr. Justice Harlan, said: "The first assignment of error relates to the overruling of the demurrer to the indictment. The point here made is, that as murder is defined by the statute to be the unlawful killing of a human being with malice aforethought, it was necessary to charge, in words, that the killing was unlawful. This position cannot be sustained, for the facts alleged present, in clear and distinct language, a case of unlawful killing. It is not necessary, as we have seen, to use the very words of the statute defining the offense. It is sufficient if those used convey the same meaning. The indictment sets forth the case of an assault and battery committed by the defendant willfully, feloniously and with deliberately premeditated malice aforethought, and resulting in instant death, whereby the defendant did kill and murder, contrary to the statute, etc. Such facts plainly import an unlawful killing." In *Carroll* v. *State,* 71 Ark. 403, it was held the word "feloniously" includes "unlawfully" in its meaning, for an act cannot be said to be "feloniously"

done and not be "unlawfully" done. In *Kopke* v. *People,* 43 Mich. 41, it was said: "In an indictment for bigamy, a charge that the second marriage was 'felonious,' is a charge that it was 'unlawful.' The word 'unlawfully' is generally inserted in conjunction with the word 'feloniously,' but it would be overnice to hold that a felonious act needed any further qualification." In *Aikman* v. *Commonwealth,* (Ky.) 18 S. W. Rep. 937, it was said an act could not be felonious without being both malicious and unlawful.

The statute provides that where an indictment is found by the grand jury, the foreman shall endorse thereon "a true bill" and sign his name at the foot of the indictment. It is asserted that the words "a true bill" were printed on the back of the indictment, and that the foreman of the grand jury signed his name at the foot of this printed endorsement instead of writing the endorsement with a pen, and for this reason the indictment is bad. This is a highly technical objection, and, we think, without merit. If the foreman of the grand jury subscribes his name to the endorsement "a true bill," the requirements of the statute are complied with, whether that endorsement is printed on the back of the indictment or written thereon by some one other than the foreman. The material requirement is that he shall subscribe his name to the endorsement that it is "a true bill." In *State* v. *Elliott,* 98 Mo. 150, the words "a true bill" were written on the back of the indictment by the prosecuting attorney and the foreman of the grand jury subscribed his name thereto. This was held sufficient. In *Tilley* v. *State,* 21 Fla. 242, the endorsement "a true bill" was printed on the back of the indictment and the foreman of the grand jury signed his name to the endorsement. This was held a sufficient compliance with the statute.

In our opinion none of the objections made to the indictment are valid. The writ will be denied.

*Writ denied.*