# The People of the State of Illinois, Defendant in Error, v. Romald Waltyn, Plaintiff in Error.

## Gen. No. 20,153.

1. LARCENY, § 3*—*what is nature of crime.* Under the common law petit larceny was a felony, but in this State it is made a misdemeanor by statute (Hurd's R. S. 1912, ch. 38, sec. 168, J. & A. ¶ 3792), and the offense has been removed from the category of infamous crimes (J. & A. ¶ 3972).

2. INDICTMENT AND INFORMATION, § 41*—*how offense must be described.* Where a statute defines an offense, no essential element thereof as defined by the statute can be omitted from the indictment or information, but it is not necessary to use the very words of the statute.

3. LARCENY, § 21*—*when felonious taking sufficiently described in information.* The word "steal" has a uniform signification and means the felonious taking and carrying away of the goods of another.

4. LARCENY, § 21*—*when information sufficient.* In an information charging petit larceny, if the use of the word "feloniously" is essential to charge the offense, the word "steal" is sufficient to charge such felonious intent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. LARCENY, § 3*—*necessity for felonious intent.* A larcenous intent, that is an intent to steal, is clearly an essential element in petit larceny, but a felonious intent seems neither a necessary nor an appropriate averment in a misdemeanor case.

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 31, 1914.

LOUIS GREENBERG and WILLIAM A. JONESI, for plaintiff in error.

MACLAY HOYNE and EDWARD E. WILSON, for defendant in error.

MR. JUSTICE SCANLAN delivered the opinion of the court.

The plaintiff in error was charged in an information filed in the Municipal Court of Chicago with the offense of petit larceny. He waived a trial by jury, pleaded not guilty, and on the hearing of the case by the court was found guilty of petit larceny, and was sentenced to be imprisoned in the House of Correction for the period of sixty days and to pay a fine of $50. Only a common-law record is filed in this court.

The information charged, in substance, that the defendant on February 10, 1913, in the City of Chicago, County of Cook and State of Illinois, "one silver coffee pot, three dessert knives, three table spoons, four ice tea spoons, three table spoons, three table forks, of the value of Fifteen Dollars, the personal goods and property of the Chicago, Burlington and Quincy Railroad Company, the same being a corporation then and there being found, did then and there wrongfully and unlawfully take, steal and carry away, contrary to the statute," etc.

The plaintiff in error contends that the offense of petit larceny was not sufficiently charged in the in-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

formation, "on the ground that the information failed to charge the plaintiff in error with the statutory or common-law offense of larceny, in failing to allege that the plaintiff in error *'feloniously'* did steal, take and carry away;" that under our statute, as well as under the common law, a felonious intention is an essential element of the offense of larceny, and that the omission of the word "feloniously" in an information or indictment charging larceny—grand or petit—is fatal.

The statute defining larceny (J. & A. ¶ 3792) reads as follows: "Larceny is the felonious stealing, taking and carrying, leading, riding, or driving away the personal goods of another. Larceny shall embrace every theft which deprives another of his money or other personal property, or those means or muniments by which the right and title to property, real or personal, may be ascertained. Private stealing from the person of another, and from a house in the daytime, shall be deemed larceny. Larceny may also be committed by feloniously taking and carrying away any bond, bill, note, receipt or any instrument of writing of value to the owner."

The first question for us to determine is, under the practice in this State, in an information charging petit larceny, is it absolutely essential that the intent should be alleged by the use of the word "feloniously"?

Under the common law, an indictment for treason alleged that the act was committed *traitoriously*; for a felony, that it was done *feloniously,* and where neither of these words was used, the offense charged was at most a misdemeanor. The indictment in ancient times was in Latin, and because of the grave punishments meted out to defendants in treason and felony cases it was of great importance to a defendant that the indictment should show on its face, by some apt, precise and well-understood term, the nature of the offense with which he was charged. Bishop on Criminal Procedure (3rd Ed.) p. 335; 1 Chitty's Crim-

inal Law, p. 242.   Under the common-law practice the
word "feloniously" was absolutely essential in all in-
dictments charging a felony, and it was the settled
rule to charge that the offense was committed *felon-
iously*, and this epithet could not be supplied by any
other word, or by any circumlocution.   Com Dig. *In-
dictment* (G. 6) ; Bac. Abr. *Indictment* (G. 1) ; 2 Hale,
Pl. Cr. 172, 184; 1 Ben. & H. Lead. Cr. Cas. 154.   The
word "feloniously" was not used in an indictment
charging a misdemeanor.   Bishop on Criminal Pro-
cedure (3rd Ed.) secs. 534-537.   In some of the States
the rule prevails that if an indictment charges a misde-
meanor and the word "feloniously" is used, the indict-
ment is bad, but the prevailing doctrine is that in such
a case the word "feloniously" is regarded as sur-
plusage, and the indictment is held to be good.   22
Cyclopedia of Law and Procedure, p. 233; Bishop on
Criminal Procedure (3rd Ed.) sec. 537.

Under the common law petit larceny was a felony,
but in this State it is made a misdemeanor by statute
(Hurd's R. S. 1912, ch.  38, sec. 168, J. & A. ¶ 3793), and
in 1911, the legislature removed the offense from the
category of infamous crimes.   (Hurd's R. S. 1912, ch.
38, sec. 279, J. & A. ¶ 3972.)   Before the passage of
this last act it was necessary to prosecute defendants
charged with petit larceny by indictment.   *People v.
Russell*, 245 Ill. 268.   Such is not the case since the
passage of the last-mentioned act.   If the common-law
rule of pleadings governs the present case, it would
seem clear that it is not necessary to use the word
*"feloniously"* in  an  information  charging  petit
larceny.

Our statute gives but one definition of larceny, and
as this states that "larceny is the *felonious* stealing,"
etc., it is argued that the word "felonious" is intended
to define the *animus furandi* or the intention to steal,
and that to constitute larceny under the statute—petit
or grand—the stealing must be done with *felonious*

intent, and that this intent must be charged in the information, and that as the information in the present case does not allege a felonious intent, it is fatally defective. For the purposes of this particular case, we may assume the correctness of the contention that a felonious intent is an essential element in the offense of petit larceny. While it is a well-settled doctrine in this State that where a statute defines an offense, no essential element of the offense as defined by the statute can be omitted from the indictment or information, it is not necessary, however, to use in an indictment or information the very words of the statute defining an offense; it is sufficient if the words used convey the same meaning. *People v. St. Clair*, 244 Ill. 444. Therefore, in determining the present contention, it is only necessary for us to decide whether the information in this case sufficiently alleges the *felonious* intent to steal.

The information charges, *inter alia*, that the plaintiff in error "did then and there wrongfully and unlawfully take, *steal* and carry away, contrary to the statute."

In 36 Cyclopedia of Law and Procedure, p. 1258, we find the following: "Steal or Stealing. As a noun, a criminal taking, obtaining, or converting of personal property with intent to defraud or deprive the owner permanently of the use of it; a term which when used in connection with property which is a subject of larceny, is said to mean the felonious taking; the felonious taking and carrying away of the personal goods of another; the wrongful or fraudulent taking and carrying away of personal property by trespass with a felonious intent to deprive the owner thereof, and convert the same to the taker's own use; synonymous with 'larceny' or with 'theft.' As a verb, to take a man's property from his custody with a felonious intent; to commit larceny; to take and carry away feloniously; to take without right or leave, and with intent to keep

wrongfully." (The author of the above article cites many authorities in support of his text.) Theft is a popular word for larceny; Bouvier's Law Dictionary, vol. 2, p. 1115. The word "steal" has a uniform signification, and in common as well as legal parlance means the felonious taking and carrying away of the goods of another. *State v. Chambers,* 2 Greene (Ia.) 308; *State v. Boyce,* 65 Ark. 82; *People v. Urquidas,* 96 Cal. 239; *People v. Tomlinson,* 102 Cal. 19. "To steal a man's property is to take it from his custody with a felonious intent." *State v. Fitzpatrick,* 9 Houst. (Del.) 385. The word "steal" means to take and carry away feloniously, without right or leave. *State v. Smith,* 31 Wash. 245; *People v. Lopez,* 90 Cal. 569. The word "steal" has a legal signification. To steal is to commit larceny. *State v. Tough,* 12 N. Dak. 425.

Therefore, if we assume that a felonious intent is an essential element in the statutory offense of petit larceny, it would seem clear, from the foregoing authorities, that the word "steal" in the present information sufficiently alleges the felonious intent, for the reason that the word "steal" *ex vi termini* imports a felonious intent.

The defendant in error contends that it is not necessary to allege in an information charging a misdemeanor that the act was committed *feloniously.* In support of this contention it cites the following cases: *State v. Boyce, supra; Gardner v. State,* 55 N. J. Law 17. In these cases it is held that it is not necessary in cases of petit larceny (even where the statute defines larceny as the *felonious* stealing, etc.) to charge that the taking, stealing, etc., was *feloniously* done, but the decisions are not predicated entirely upon that ground alone, for it is held in both cases that the word "steal" in the indictments in question sufficiently imported a *felonious* taking, etc. Unless it be held that our legislature intended by section 167 (J. & A. ¶ 3792) of the Code (the one that defines larceny) to

make a felonious intent an essential element in both grades of larceny, the prevailing doctrine heretofore referred to in this opinion, a doctrine that is the product of the common-law practice, to the effect that the word "felonious" should not be used in an indictment or information charging a misdemeanor, would seem to apply to the present case. Under the general rule applying to the interpretation of statutes, section 167 should be read in connection with sections 168 and 279, in petit larceny cases, and when the three sections are considered together, there would seem to be much force in the contention of the defendant in error that, under our statute, a felonious intent is an essential element in grand larceny but not in petit larceny. A *larcenous* intent, that is an intent to steal, is clearly an essential element in petit larceny, but a *felonious* intent seems neither a necessary nor an appropriate averment in an indictment or information in a misdemeanor case. However, in the view that we have taken of the contentions of the plaintiff in error, we do not deem it necessary in this case for us to pass upon the contention of the defendant in error.

The judgment of the Municipal Court of Chicago will be affirmed.

*Affirmed.*