John J. Mulroy, Administrator of Estate of Rose Ann Mulroy, Deceased, Appellee, v. The Prudential Insurance Company of America, Appellant.

Gen. No. 40,454.

Opinion filed April 24, 1939.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM and WILLIAM S. ALLEN, of Chicago, of counsel.

THOMAS E. RYAN, for appellee; G. A. BURESH, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

In an action on four industrial insurance policies issued by defendant to Rose Ann Mulroy and upon trial by jury there was a verdict for plaintiff for $1,110, on which judgment was entered, from which defendant appeals.

On a former appeal by defendant we reviewed another judgment entered in favor of plaintiff on this cause of action (293 Ill. App. 630). We reviewed the evidence in detail, held the verdict of the jury was clearly and manifestly against the weight of it, reversed the judgment and remanded the cause for another trial. With a single exception, presently noticed, the evidence is now substantially the same as offered on the former trial.

The defense on both trials was that the policies of insurance had lapsed by reason of the nonpayment of premiums prior to the death of the insured. On both trials the plaintiff offered evidence tending to show the

payment of premiums to Joseph J. Leach, who was at one time an agent of the defendant but whose employment, the evidence indicated, had been ended prior to these alleged payments. The evidence on the former trial also tended to show that at the time of the supposed payments Leach was employed by another company and was in another State. On the first trial Leach was not produced as a witness. After the cause was remanded by this court defendant caused the deposition of Leach to be taken in Chicago in April, 1928. Mr. George, attorney for plaintiff, was present and cross-examined. The testimony of Leach was positive and to the effect that he had ended his employment for defendant prior to the time when the alleged payments of premiums were made to him, and that no such payments were in fact made to him; that at the close of his employment he turned the books over to Mr. Marshall of defendant company, and that at the time he quit Mr. Hayes of defendant company went around with him and checked his accounts; that he was not in Chicago at the time of the alleged payment of premiums on July 2, 1930. His testimony showed that Leach at the time of giving his deposition lived in Detroit, Michigan, where he was a district manager for the Modern Woodmen.

When the cause came on for trial before the jury Mr. George, attorney for plaintiff, took the witness stand and testified he was present when Leach's deposition was taken in April, 1928; he further said that he recognized Leach at that time as a man he formerly represented as attorney in a criminal proceeding wherein Leach entered a plea of guilty in 1926 in the municipal court of Chicago, to a charge of larceny. He then introduced a transcript of proceedings in the municipal court in which Joseph Leach entered a plea of guilty to a charge of larceny of property to the value of $14, on which the record showed a finding of guilty with judgment on December 6, 1928. Objections

of defendant to this evidence were overruled. The exhibit was admitted and a motion to strike the evidence denied, as was a further motion at the close of all the evidence to find the issues for defendant.

Plaintiff invokes the rule of law that where two juries have made identical findings upon separate trials and the verdict has been approved by two judges, a reviewing court should be reluctant to reverse the judgment in the absence of some intervening error of law. *Egbers v. Egbers,* 177 Ill. 82, 86; *Blackhurst v. James,* 304 Ill. 586, 592, 593; *Avey v. Medaris,* 272 Ill. App. 207, 209, 210. Plaintiff also calls our attention to *People v. Hanisch,* 361 Ill. 465, 468; *Rambke v. Bieser,* 289 Ill. App. 136, 146, as expounding the right of plaintiff to a trial by jury, the sanctity of which should be upheld. We are not unaware of the rule and are not unmindful of the sanctity of the right of trial by jury, as many cases decided by this court illustrate. The rule, however, excludes cases in which error of law has intervened. This, we hold, has happened in this case. The admission of this testimony of the attorney and of the transcript was erroneous. The appeal was argued orally and it was then suggested that a conviction of the crime of petty larceny was not for an infamous offense, and that a record of a conviction for that offense was not admissible for the purpose of discrediting the testimony of a witness. Plaintiff insisted it was, citing *McLain v. City of Chicago,* 127 Ill. App. 489. The opinion of this court in that case held evidence of the conviction of the crime of petty larceny admissible for such purpose. This opinion was filed June 26, 1906, and was based on a construction of section 7 of division 2 of the Criminal Code then applicable. By the common-law conviction of a felony or infamous offense operated to disqualify the person convicted as a witness. This disqualification was removed by sec. 1 of ch. 51 of the act approved

May 29, 1872 (Ill. Rev. Stat. 1937, p. 1627 [Jones Ill. Stats. Ann. 107.067]). The section in substance provided that such persons should not be disqualified but that the conviction might be shown for the purpose of affecting the credibility of the witness, the fact of such conviction to be proved like any other fact. By act approved May 29, 1911 (Laws of Illinois 1911, p. 290) the legislature amended section 7 of the Criminal Code by naming specifically the crimes which should be deemed infamous, including larceny, "if the punishment for said larceny is imprisonment in the penitentiary." By section 1 of the act approved May 28, 1879 (Ill. Rev. Stat. 1937, ch. 38, § 389 [Jones Ill. Stats. Ann. 37.330]) larceny of property exceeding the value of $15, or from the person of another, is declared punishable by imprisonment in the penitentiary from one to ten years. By the same section, where the value of the property stolen is $15 or less, or is not stolen from the person of another, the statute declares the person convicted shall be confined in the county jail or sentenced to labor in the workhouse of the county jail or town where the conviction is had, or on the streets or alleys of the city, or on the public roads of the county, or those subject to repair under the direction of the sheriff as the county board may provide, for not exceeding one year and a fine not exceeding $100.

In *People v. Waltyn,* 191 Ill. App. 86 (opinion filed December 31, 1914) this court said:

"Under the common law petit larceny was a felony, but in this State it is made a misdemeanor by statute (Hurd's R. S. 1912, ch. 38, sec. 168, J. & A. ¶ 3793), and in 1911, the legislature removed the offense from the category of infamous crimes. (Hurd's R. S. 1912, ch. 38, sec. 279, J. & A. ¶ 3972.) Before the passage of this last act it was necessary to prosecute defendants charged with petit larceny by indictment. *People v. Russell,* 245 Ill. 268. Such is not the case since the

passage of the last-mentioned act. If the common law rule of pleadings governs the present case, it would seem clear that it is not necessary to use the word 'feloniously' in an information charging petit larceny.''

In *Lingle v. Bulfer*, 322 Ill. 606, the Supreme Court said: ''Records were introduced in evidence for the purpose of impeaching Bulfer, showing a conviction and imprisonment in the penitentiary in 1907 for conspiracy to obtain signatures by false pretenses; also, record of pleas of guilty and fines in 1909 in each of four cases on a charge of conspiracy, and of imprisonment in the house of correction in 1910 upon a plea of guilty to petit larceny. The fact of such fine and imprisonments was not denied by Bulfer. . . . This court has held that that section of the Evidence act allowing the introduction of evidence of the conviction of a crime for the purpose of affecting the credibility of a witness does not cover or include proof of those offenses not made infamous by the common law and which are only statutory offenses, punishable by fine and imprisonment in the county jail. (*Matzenbaugh v. People*, 194 Ill. 108.) The record of convictions complained of was not competent under the rule above stated and it is presumed the same was not considered by the chancellor.''

It therefore appears the court erred in overruling the objections to the introduction of the evidence tending to show the witness had been convicted of petit larceny and in refusing to strike out such evidence. This evidence introduced in the manner described could not fail to prejudice defendant's cause with the jury. This court is still of the opinion that the verdict of the jury is contrary to the manifest weight of the evidence. The judgment is therefore reversed and the cause again remanded.

*Reversed and remanded.*

McSurely, P. J., and O'Connor, J., concur.