THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH MIKRUT, Defendant-Appellant.

(No. 73-90; ▮▮▮▮▮▮

Second District—May 22, 1974.

Frank Wesolowski, Jr., Public Defender, of Wheaton, (Robert H. Heise, Assistant Public Defender, of counsel), for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant was found guilty of burglary in a jury trial and sentenced by the court to a term of not less than 2 nor more than 6 years in the State penitentiary.

Defendant raises two issues on appeal: (1) whether the circumstantial evidence in this case supports a finding of the defendant's guilt beyond a reasonable doubt; (2) whether the admission into evidence of defendant's prior conviction was an abuse of discretion and reversible error.

The offense was committed on October 25, 1968. The defendant was not tried until July 20, 1971.

The defendant and one Clifton Scott were charged with the burglary of a AAA Power, Inc., construction trailer in Elmhurst, Illinois. On the

night of October 24, 1968, Lt. Kohnke of the Elk Grove Village police department was patrolling in Elk Grove Village. At approximately one o'clock in the morning, he noticed a 1962 panel truck proceeding slowly in a southerly direction on Elmhurst road. The vehicle lacked the second division markings; the license plate light was out; the tail light was broken; and a white light emitted from the rear of the truck. Lt. Kohnke followed the vehicle, requested a license check, and found that it was registered to Clifton Scott in Orland Park, Illinois. Lt. Kohnke continued to follow the truck which periodically would almost come to a complete stop at various construction sites, near trailers and other construction material storage areas. When Lt. Kohnke stopped the vehicle for the traffic violations, he noticed that the defendant alighted from the driver's side of the vehicle. He advised the officer he did not have a driver's license. At the time Scott exited the vehicle the police officer looked into the truck and observed a spool of copper wire, black coated copper wire, a set of bolt cutters, and other tools. The police officer testified that after he advised the defendant and Scott of their constitutional rights, the defendant stated that they were "out to make a hit."

At trial, a Mr. Graff, an employee of AAA Power, Inc., testified that he placed various tools and equipment in the AAA Power, Inc., construction trailer on the afternoon of October 24. The tools included a roto-hammer, pipe benders, cable cutters, bolt cutters, wire and cable fittings. He was the last employee to leave the job site and he locked the trailer with a padlock and hasp. When Mr. Graff came to work in the morning, he found that the lock had been broken and the above items had been taken from the trailer. This witness at the trial identified the above items, which were found in defendant's truck, as belonging to AAA Power, Inc. The president of AAA Power, Inc., corroborated the identification of these items found in the possession of the defendant.

The defendant Mikrut testified in his own behalf. He stated that co-defendant Scott came to his house on the night in question and that he and Scott then left Chicago at 9:45 P.M. for Elk Grove Village in order to pick up some money. Defendant testified they traveled directly from Chicago via Kennedy Expressway to Mannheim Road, north to Palatine Road, west to Route 83, south to Oakton Street, and then west 200 feet to a point where he stopped because he was having trouble with his car. At that time Officer Kohnke stopped him. His testimony is slightly inconsistent in that he testified it took him three hours traveling at approximately the speed limit to drive from Chicago to Elk Grove Village (about 20 miles). The defendant also testified that he had never seen the items in the panel truck prior to having been shown them by the police; he had no idea how they got into the truck; he did not take

the items in question from the AAA Power, Inc., construction site; and he never made any statement that he knew from whence the articles came.

■■ In a similar case to the one before us, *People v. Rogers* (1959), 16 Ill.2d 175, 157 N.E.2d 28, two defendants were therein charged with larceny of building material taken from a plumbing and heating company storage yard. The defendant testified that he became intoxicated and when he found his truck it was loaded with soil pipe. The defendant stated he had no idea how the pipe got into his truck. The court stated in *Rogers* at page 180:

> "\* \* \* Possession of stolen property, the proceeds of a larceny, soon after the commission of the offense is evidence of guilt and is sufficient to warrant a conviction unless such possession is explained. [Citation.] The jury has a right to consider whether his explanation is at all probable, and it is incumbent upon him to tell a reasonable story or to be judged by its improbabilities. [Citation.]"

In *People v. Woods* (1963), 26 Ill.2d 557, 188 N.E.2d 1, the court found that same rule is applicable to possession of "proceeds of a burglary."

■■ In the case before us the defendant was found in recent possession of goods taken in a burglary under suspicious circumstances. Defendant's story was flimsy at best. We have repeatedly stated in such a situation this court will not substitute its judgment for that of the jury unless the verdict is against the manifest weight of the evidence. After a careful review of the record we find that the defendant was proven guilty beyond a reasonable doubt. The jury verdict was not against the manifest weight of the evidence.

■■ After the defendant testified herein, the court allowed the introduction into evidence of the defendant's conviction in Du Page County for burglary in 1965. Citing *People v. Montgomery* (1971), 47 Ill.2d 510, 268 N.E.2d 695, defendant contends that this constitutes reversible error. The basic premise in *Montgomery* is that evidence of prior convictions of a defendant who testifies in his own behalf is irrelevant and should not be admitted for impeachment purposes where the conviction or the release from confinement is more than 10 years prior to the time of trial. If the prior offense is one which is punishable by death or imprisonment in excess of 1 year, or involved dishonesty regardless of punishment and is within the 10 years from the date of conviction or from the release of confinement, whichever is later, it is within the discretion of the trial judge whether or not such conviction should be introduced into evidence. The trial judge must decide whether the probative value of the prior convictions is substantially outweighed by the danger of unfairness in

determining whether evidence of the prior conviction should be allowed into evidence.

In this case, defendant's prior conviction was for burglary in 1965 and he was sentenced to 1-2 years in the State penitentiary. The burglary in the case before us was committed in 1968, at the most within 2 years of his release from the penitentiary for the prior offense. ■■ Under the situation herein we do not believe that the trial court abused its discretion in allowing the admission of the prior conviction of the 1965 burglary for the purpose of impeachment. The judgment of the trial court is affirmed.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.