Richard Knowles et al., Plaintiff-Appellant, v. Theofilos G. Panopou-los, Defendant-Appellee.

(No. 60650;

First District (4th Division)—November 12, 1975.

Howard W. Minn and Kenneth A. Green, both of Chicago (James G. Andros, of counsel), for appellant.

Parrillo, Bresler, Weiss & Moss, of Chicago (David J. Weiss, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, as administrator of the estate of his minor son, brought this wrongful death action to recover damages alleged to have been caused by defendant's negligence in operating his automobile. The trial court admitted into evidence, over objection, a prior conviction of plaintiff's occurrence witness. Judgment was entered for the defendant in conformity with the jury verdict. Plaintiff appealed, presenting several issues for review. We deem it necessary to discuss only the question of

whether the trial judge committed reversible error by permitting the defendant to introduce for impeachment purposes a prior misdemeanor conviction of a witness. We reverse.

On September 2, 1968, Paul Knowles died as a result of injuries sustained in a collision between an automobile and a motorcycle at an intersection of two public streets. The decedent had been riding as a passenger on the motorcycle which was being driven by his stepbrother, Richard Rigsby. Material and controverted questions of fact as to which vehicle entered the intersection first and the rate of speed were presented. Plaintiff's sole witness to the accident, Rigsby, testified that he looked both ways before entering the intersection and, upon seeing no approaching vehicles, proceeded. Rigsby further related that he first observed the defendant's car when it neared the intersection and, though he attempted to avoid an accident, a collision occurred which injured him and caused the death of Knowles. On cross-examination, the trial court subsequently allowed the defendant to introduce evidence of Rigsby's prior conviction for criminal trespass to a vehicle for impeachment purposes, over plaintiff's objection.

■■ Under the common law, a person convicted of a crime was rendered infamous and, consequently, was denied the right to testify. (*Matzenbaugh v. People ex rel. Galloway* (1901), 194 Ill. 108, 62 N.E. 546.) This disability has been abolished in Illinois by a statute which provides that:

"* * * [N]o person shall be disqualified as a witness in any civil action, suit or proceeding * * * by reason of his or her conviction of any crime; but such * * * conviction may be shown for the purpose of affecting the credibility of such witness; * * *." (Ill. Rev. Stat. 1971, ch. 51, § 1.)

A basic premise of the statute is that a past conviction is probative of the issue of witness credibility—the assumption being that one who has been convicted of a crime is more likely to give perjured testimony than one who has not. (*People v. Montgomery* (1971), 47 Ill.2d 510, 268 N.E.2d 695.) The highly prejudicial effect on a jury of such proof is undeniable. While the jury is usually instructed to consider the conviction "with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness" (IPI 2d § 3.02 (1971)), the effectiveness of such an instruction is questionable.

For impeachment purposes, proof of a witness' prior conviction has been limited in civil cases to "infamous crimes." (*Lingle v. Bulfer* (1926), 322 Ill. 606, 153 N.E. 589; *Matzenbaugh v. People ex rel. Galloway* (1901), 194 Ill. 108, 62 N.E. 546; *Mulroy v. Prudential Insurance Co. of America* (1939), 299 Ill.App. 598, 20 N.E.2d 613.) The Criminal

Code defines infamous crimes as "arson, bigamy, bribery, burglary, deviate sexual assault, forgery, incest or aggravated incest, indecent liberties with a child, kidnapping or aggravated kidnapping, murder, perjury, rape, robbery, sale of narcotic drugs, subornation of perjury, and theft if the punishment imposed is imprisonment in the penitentiary." Ill. Rev. Stat. 1971, ch. 38, § 124—1.

In *Matzenbaugh v. People ex rel. Galloway* (1901), 194 Ill. 108, 62 N.E. 546, the Supreme Court reversed a judgment in favor of Iroquois County based on a claim for unpaid taxes. The tax collector had been permitted to introduce into evidence proof of the defendant's conviction for making a fraudulent schedule of his property for a tax assessment. This was reversible error because the crime was not deemed infamous at common law or under the statutes and, therefore, not admissible for impeachment purposes.

Similarly, in *Lingle v. Bulfer* (1926), 322 Ill. 606, 153 N.E. 589, a civil proceeding to cancel two deeds, the court decided that proof of defendant's convictions for conspiracy to obtain signatures by false pretenses and petit larceny was inadmissible because the offenses were non-infamous crimes.

*Mulroy v. Prudential Insurance Co. of America* (1939), 299 Ill.App. 598, 20 N.E.2d 613, involved a claim for recovery on four insurance policies. The insurer defended on the ground that the policies had lapsed by reason of nonpayment of premiums. Plaintiff charged that she made the required payments to an agent of the defendant. When the agent testified to the contrary, plaintiff sought to impeach his credibility with evidence of a prior criminal conviction for petit larceny. This was found to be reversible error since petit larceny had been made a misdemeanor by statute.

The defendant in the instant case contends that the rule that a witness may only be impeached by proof of a conviction of an infamous crime has been changed by *People v. Montgomery* (1971), 47 Ill.2d 510, 268 N.E.2d 695. In that case the trial court permitted the introduction of a 21-year-old conviction to impeach a defendant charged with illegal sale of a narcotic drug. The Supreme Court reversed, deciding that the question of the admissibility of a past conviction was inherently judicial and that the trial judge should have exercised his discretion to exclude a conviction more than 10 years old. The court approved guidelines which would render the prior conviction admissible only if the crime was punishable by death or imprisonment in excess of 1 year, or involved dishonesty or false statement regardless of punishment—unless the judge determined that the probative value of the conviction was substantially outweighed by the danger of unfair prejudice.

In the case at bar, the decision to admit evidence of the prior conviction was apparently predicated on the *Montgomery* opinion. We believe, however, that *Montgomery* is distinguishable as a criminal case. As stated in *People v. Mikrut* (1974), 19 Ill.App.3d 516, 519, 311 N.E.2d 728, the "basic premise in *Montgomery* is that evidence of prior convictions of a defendant who testifies in his own behalf is irrelevant and should not be admitted for impeachment purposes where the conviction or the release from confinement is more than 10 years prior to the time of trial." The case at bar does not concern impeachment of a defendant in a criminal case but a witness in a civil case. Accordingly, a different standard must apply. We hold that a witness in a civil case may be impeached only by a prior conviction of an infamous crime. Since criminal trespass to a vehicle is classified as a misdemeanor (Ill. Rev. Stat. 1973, ch. 38, § 21—2), and is not listed as an infamous crime (Ill. Rev. Stat. 1971, ch. 38, § 124—1), we hold that the trial judge committed reversible error in admitting it into evidence.

We also point out that the testimony of Rigsby, who was plaintiff's sole occurrence witness, was germane to plaintiff's case. Because the material facts were in dispute, the credibility of the witnesses was in issue. The danger of unfair prejudice resulting from proof of Rigsby's misdemeanor conviction was substantial and not likely to be overcome. We cannot permit a party in a civil case, particularly one tried by a jury, to obtain an unjust advantage by impeaching a witness with a prior conviction for a non-infamous crime.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the case remanded for a new trial.

Reversed and remanded.

ADESKO and BURMAN, JJ., concur.