THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HOWARD BLYTHE, Defendant-Appellant.

(No. 11904;

Fourth District—March 7, 1974.

John F. McNichols, Deputy Defender, and Bruce L. Herr, Legal Director, Office of the State Appellate Defender, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (James W. Jerz and Edward N. Morris, of Model District State's Attorneys Office, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from his conviction of murder and a sentence of 35 to 70 years based on the guilty verdict of a jury. He raises four questions in this court: (1) Did the trial court err in denying his motion *in limine* to preclude the State from offering in evidence two convictions in Tennessee where the defendant served a year or more in the penitentiary, (2) whether the defendant was proven guilty of murder beyond a reasonable doubt, (3) whether the defendant's rights were prejudiced when a State witness testified that the defendant was engaged in a pandering activity, and (4) that the sentence imposed of 35 to 70 years is excessive.

Prior to trial, the defendant moved that the trial court enter an order precluding the State from offering in evidence two prior convictions of the defendant occurring within 5 years of the instant offense. One conviction was for manslaughter and the other for an assault with the intent to commit robbery with a dangerous weapon. Both convictions were punishable by imprisonment in excess of 1 year under Tennessee law. His motion *in limine* was denied. The defendant then took the stand and testified about these convictions. It is his position here that the denial of his motion gave him no choice and that it was a proper trial tactic for him to do so. It was not until the hearing in mitigation and aggravation that the State offered in evidence certified copies of these convictions and this is the only manner in which the State may appropriately seek to impeach the credibility of a witness. The reason for this rule was stated in *People v. Halkens*, 386 Ill. 167, 53 N.E.2d 923, in which the court noted that a defendant may well be mistaken as to whether or not an attempt for which he was convicted was a felony or a misdemeanor. There is therefore a question as to whether the trial court had sufficient competent evidence before it to rule appropriately on the defendant's motion *in limine*. We pass over the question as to whether the defendant has appropriately preserved the issue however to reach the major question as to whether or not in Illinois the felony conviction must be an infamous crime as defined in Ill. Rev. Stat. 1971, ch. 38, par. 124—1. Neither of the offenses for which the defendant was convicted in Tennessee is statutorily defined as an infamous crime in Illinois. This court has on two different occasions discussed the rule in *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695. (See *People v. Cox*, 8 Ill.App.3d 1033, 293 N.E.2d 727; *People v. Overturf*, 12 Ill.App.3d 441, 299 N.E.2d 34.) In both of those cases, this court expressed its approval of the views expressed by Judge Burger, now Chief Justice, in *Gordon v. United*

*States* (D.C. Cir. 1967), 383 F.2d 936, discussing the various factors that will govern the discretion of the trial court, such as the nature of the crime, nearness or remoteness, the subsequent career of the person, and whether the crime was similar to the one charged. In *Cox*, we likewise stated at page 1035: "We think an experienced trial judge has the sensibility and the understanding which can be reasonably relied upon to strike a reasonable balance between the interest of the defendant in taking the stand and the interest of the public in arriving at the truth." We should note, however, that in both *Cox* and *Overturf* we were dealing with an impeaching conviction which was declared infamous by our statute. Such is not the case here.

Prior to *Montgomery*, any discretionary authority in the trial court was not recognized. (*People v. Ray*, 54 Ill.2d 377, 297 N.E.2d 168.) In both *Montgomery* and *Ray*, the court indicated that in future cases, Rule 609 of the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States should be followed. In *Ray*, the Illinois Supreme Court stated that it did not anticipate that the discretionary power then provided for the trial judge under the proposed rule would be dropped and at page 383 stated: "But it is evident that we were declaring that our holding that the trial judge had discretionary authority was to be followed in future cases. The reference to Rule 609 was a shorthand expression of our holding, as well as an expression of our view that other provisions in the rule, not concerned in *Montgomery*, should be followed."

■■ Turning now to Rule 609, we find it reads as follows: "(a) General Rule.—For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible, but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement regardless of the punishment." (Fed. R. Evid. 609(a).) It is to be noted that the two impeaching crimes that we here consider were punishable by imprisonment in excess of one year. We thus conclude that impeaching convictions must be such as involved confinement in the penitentiary for in excess of 1 year or in the alternative involve dishonesty or false statement irrespective of the punishment. They are. We therefore conclude that the trial court did not abuse his discretion in ruling on the motion *in limine* and denying the defendant's motion to exclude the two crimes in Tennessee, even though such crimes are not classified as "infamous crimes" under our statute. The determination to be made by the trial judge is whether or not the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice. In our judgment, the two Tennessee convictions,

being crimes of violence, do have a bearing directly upon the credibility of the defendant's contention that he killed in self-defense and the credibility of his evidence supporting that defense.

■■ The defendant contends that he shot the decedent in self-defense and thus the evidence does not support his murder conviction beyond a reasonable doubt. The evidence is undisputed that the decedent and Blythe during the late morning and early afternoon of the occurrence got into a dispute or disputes, that Jackson was holding the butt end of a cue stick in his hand and that Jackson threatened the defendant. The evidence is also undisputed that the defendant departed and later in the afternoon came out of the rear door of the Starlight Tavern and confronted Jackson. Words were again exchanged. Jackson handed the pool stick to his cousin. The defendant testified that earlier in the day Jackson had exposed a razor from his rear pocket and that during the final altercation, Jackson reached into that pocket and it was for this reason that the defendant felt it was necessary to pull his gun and shoot Jackson. The other witnesses for the State testified in substance that Jackson never did reach for his pocket and that Jackson was shot while attempting to turn and run away. The course taken by the bullet which entered the decedent's right side and traveled backward and upward, exiting near the left armpit, supports this testimony. Jackson started to run and Blythe followed him shouting threats and obscenities and again leveled his gun at Jackson. Whether he fired a second time is undisputed. The defendant denies the second attempt to fire the gun. The defendant testified Jackson was 5—6 feet from him when he reached into this back pocket. Jackson did not have the cue stick at this time. It is thus readily apparent that Jackson at this point posed no serious threat of bodily harm to the defendant warranting the defendant's use of a gun in self-defense. The jury was instructed on the crimes of murder and manslaughter as well as the defense of justifiable use of force. Under the facts in this case it was a question of fact to be resolved by the jury as to what verdict the evidence supported. (*People v. Davis*, 35 Ill.2d 55, 219 N.E.2d 468; *People v. Johnson*, 108 Ill.App.2d 150, 247 N.E.2d 10.) In addition after the shooting, the defendant fled the scene of the crime, hid under a porch, and asked a friend of his to dispose of his weapon. Likewise a search of Jackson by the examining physician indicated that he did not have a razor or any other weapon on his body. We conclude that the jury might properly return a guilty verdict of murder on the evidence here shown.

■■ Objection is also made to the action of the trial court in connection with a State's witness who made the statement that the defendant was "pimping". On redirect examination of one witness, the prosecutor asked

him if he knew the relationship between one of the girls and the defendant. Over defense counsel's objection, the court allowed the witness to answer and that witness answered as above stated. Defendant asked that the remark be stricken and the jury instructed to disregard it. The prosecution joined in this request and the court complied. The evidence shows that defendant and the girl were close friends and living together and the purpose of the State's question was to demonstrate a possible bias on her part for her testimony. We cannot say that this volunteered statement of the witness was prejudicial error. (*People v. Simmons,* 407 Ill. 417, 95 N.E.2d 477.) In addition, the defendant testified to his activities with the specific girl as well as others.

■■ The defendant further argues that section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4) is applicable to this case and the procedures there prescribed prior to sentencing should have been followed. We think it is clear from the plain reading of the section quoted that it has no reference to procedures but is limited solely to sentences and is applicable only if "the sentences under this Act apply if they are less and under the prior law upon which the prosecution was commenced". They are the same. The suggestion that the minimum here should be only one-third of the maximum is not appealing to this court. The record here establishes that the decedent here was the third person the defendant had shot and the second he had killed within 5 years. It is difficult to find that the best interest and protection of society does not require the sentence nor any compelling reason that the sentence of the trial court should be disturbed. *People v. Burbank,* 53 Ill.2d 261, 291 N.E.2d 161.

There appearing no error in this record depriving the defendant of a fair trial, the conviction and sentence of the trial court is and should be affirmed.

Affirmed.

SIMKINS and KASSERMAN, JJ., concur.