THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES LIPSCOMB, Defendant-Appellant.

(No. 12734; ▉▉▉▉▉▉▉)

Fourth District—May 8, 1975.

Richard J. Wilson and Richard J. Geddes, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert G. Frederick and Thomas L. Knight, Assistant State's Attorneys, and John Nicoara, Law Student, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Charles Lipscomb was tried before a jury, and convicted of murdering one Kenneth Shackleford with a gun. Defendant was sentenced to an indeterminate term of 14 to 40 years. Charged with the same offense, as codefendants, were George Lipscomb and Stanley Brown, both of whom were found not guilty.

■■ Defendant assigns error in the giving of People's Instruction No. 6, which was IPI Criminal 3.02 without the inclusion of the final paragraph which reads:

"You should not find the defendant guilty unless the facts and circumstances proved exclude every reasonable theory of innocence."

Defendant's counsel objected to the giving of the instruction tendered by the People. The trial judge, in overruling the objection to the People's instruction, commented that he did not feel that the evidence was entirely circumstantial. The question was not mentioned in defendant's written post-trial motion. Where the grounds for a new trial are stated in writing, the accused is limited on review to the errors alleged therein and all other errors are deemed waived. (*People v. Hairston*, 46 Ill.2d 348, 367, 263 N.E.2d 840; *People v. Nelson*, 41 Ill.2d 364, 243 N.E.2d 225.) We therefore decline to consider this assignment of error.

Defendant also urges that the defendant was not proven guilty beyond a reasonable doubt. The defendant Charles Lipscomb, George Lipscomb, William Kindle, Stanley Brown and Willie McGee arrived at the front door of an apartment at 39 Birch Village, Champaign, Illinois, at approximately 6 P.M., on the evening of December 25, 1972. They entered the apartment. Inside were Henry Sayles, Lester McCall and Kenneth Shackleford. During the next 5 minutes there was a struggle, people ran from the apartment, one or more returned and there was a general melee, during which several shots were fired, both inside and outside the apartment. At the end of the incident the decedent was found lying next to the curb in the rear of 39 Birch Village fatally wounded. The detail of

what occurred was in dispute throughout the trial. Defendant Charles Lipscomb was known as "Leedy." The decedent was known as "Shack."

The defendant was engaged in a struggle with the decedent at the time he was shot. The witness Sayles testified that defendant was armed with either a .22- or .25-calibre revolver when he entered the apartment. The witnesses Sayles and Williams testified that Stanley Brown was armed with a .38-calibre revolver. Williams further testified that he heard two shots from a small calibre revolver fired out back of the apartment. About 1 minute later defendant came into the apartment saying, "Better get your partner. He's been shot twice." Williams then left the apartment and found Shackleford lying near a white Cadillac parked in the rear of the apartment by the witness McCall. The decedent, according to Williams, had been badly beaten and had been shot near the heart. Sayles testified that he saw defendant leave the apartment alone and heard a shot from the rear of the building just prior to defendant's return to the apartment with the announcement that Shackleford had been shot. Sayles also went outside and observed Shackleford. He had seen no weapon in Shackleford's possession during the time in question. Williams, upon observing Shackleford, went to the apartment of Debra Brown, who was Shackleford's girl friend. She immediately went to the scene. She testified that Shackleford was lying on the ground panting, had scratches on his face, and had a hole in his face. She testified that she said "Shack * * * who did it?" and that he responded "Leedy." There is no contention here that this evidence was improperly admitted. Johnie B. Wilkerson, Jr. was walking down the sidewalk to his car which was parked near the apartment. He heard a sound like a firecracker. When he arrived at his car he heard a shot and saw two people come from around the corner of the apartment. He recognized defendant. Defendant and the person with him then went back around the corner of the building and Wilkerson heard two more shots which he described as a "pow" and a "boom." The "boom" sounded muffled. He then saw the defendant and the other person come back to the front of the apartment. The person with defendant resembled Stanley Brown. They went to the front door of the apartment and defendant beat on the door and was saying "open the door." Wilkerson got in his car and went around to the rear of the apartment and saw a person on his knees holding on to a car, trying to pull himself up. He knew that he knew the individual but couldn't think who it was. He stated that the person was wearing a black leather coat. Wilkerson then left the scene. On one of the two occasions when he observed defendant Wilkerson heard the defendant say "I told them we ain't bullshitting man." Within a few minutes after

pulling away from the scene Wilkerson recalled that the name of the person he had seen by the car was Kenneth Shackleford.

Defendant testified that when he and his companions entered the apartment at 39 Birch Village, McCall and Shackleford ran out the back door with defendant, Stanley Brown and George Lipscomb in pursuit. When defendant was outside he saw Stanley Brown getting up off the ground. Everyone else had disappeared, and defendant then reentered the apartment. About 1 minute later he again went outside to try to locate McCall. He testified that Shackleford struck him in the face with a gun, and there was a struggle up against McCall's car. He held Shackleford's right wrist with his right hand; Shackleford held defendant by the collar with his left hand. Defendant was using his left hand trying to push Shackleford away. The struggle lasted about 30 seconds; defendant was on his knees. He heard two shots but didn't know where they came from but they "seemed close"; Shackleford then released him. Defendant then ran into the apartment and observed Brown fire a shot into the floor. Defendant, Brown, Kindle and George Lipscomb then left. Defendant stated that he was at no time in possession of a gun, nor did he fire a gun during the entire incident.

Four bullets were recovered from the premises. A .22-calibre bullet was recovered from decedent's body; another .22-calibre bullet was recovered from the left rear tire of McCall's car. Expert testimony was to the effect that both could have been fired from the same gun, but that this was impossible to definitely ascertain. The two bullet fragments recovered from the kitchen were determined to have been .32-calibre or larger.

No witness testified to having observed the shooting. The bias of several witnesses for both the People and defendant was demonstrated, two had prior felony convictions, and nearly all had given prior statements which varied, in some degree, from their trial testimony. All this was before the jury whose function was to weigh the testimony, judge the credibility of those who gave it and, finally to believe or disbelieve in whole or in part. The question, in this court, is whether the evidence is so improbable as to raise a reasonable doubt of guilt. (*People v. Mills*, 40 Ill.2d 4, 19, 237 N.E.2d 697.) The jury could have believed that defendant did possess a .22-calibre revolver, by his own testimony he engaged in a struggle with Shackleford during which the fatal wound was inflicted, and defendant clearly went to the apartment with other than peaceful intentions. We will not substitute our judgment for that of the jury as to the credibility of witnesses nor as to the weight to be given to their testimony. *People v. Mills, supra; People v. Novotny*, 41 Ill.2d 401,

244 N.E.2d 182.) We therefore conclude that the evidence was sufficient to support the verdict of the jury.

Judgment affirmed.

TRAPP and CRAVEN, JJ., concur.