THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TAFFORD HOLMAN *et al.*, Defendants-Appellants.

Second District (2nd Division)   No. 75-318

---

Opinion filed October 26, 1976.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellants.

Gerry L. Dondanville, State's Attorney, of Geneva (Charles D. Sheehy and Robert L. Janes, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A jury found defendants, Holman, Farrow, and Dunn, guilty of robbery. Each of the three defendants was sentenced to a term of four to 12 years in the penitentiary. A coindictee, Steven Jackson, pled guilty to robbery and was sentenced to three to nine years in the penitentiary. Jackson is not a party to this appeal.

On appeal, Holman and Farrow contend that they were deprived a fair trial and effective assistance of counsel when the court failed to sever their case from that of Dunn, and failed to appoint separate counsel. All three defendants assert that the trial court abused its discretion in ruling their prior convictions admissible for purposes of impeachment, and all three claim their sentences are excessive and disparate to that given Jackson.

Though defendants do not attack the sufficiency of the evidence, a recital of the facts surrounding their convictions is appropriate. At approximately 10 a.m., on August 22, 1974, two men entered John's Smoke Shop in Aurora, and asked to purchase a package of tobacco. As the clerk turned to get the tobacco, he was grabbed from behind and thrown to the floor. The clerk's wallet was taken, and the cash register was emptied of approximately $370, the latter money including a one dollar bill with a hole burned through it. About an hour later, on a highway outside of Aurora, a State trooper, traveling north, noticed a southbound maroon Plymouth proceeding at a high rate of speed. The trooper turned his vehicle and gave chase. After 15 miles, he overtook the Plymouth which had, at that point, been abandoned in the middle of the road. Additional officers were summoned. A search of the area was made, and the three defendants herein were found lying in a cornfield a short distance from the abandoned auto. Nearby, the officers found a blue denim hat filled with $367.50 in silver and paper currency; included was a one dollar bill with a hole burned through its face. A license registration check revealed that the maroon Plymouth was owned by defendant Farrow. The defendants were taken into custody at noon.

Following his arrest, Dunn told police that, on the day in question, he, Farrow, and Holman arrived in Aurora at about 11:30 a.m., intending to see a lady in Westwood, an Aurora subdivision. Unable to locate the address, they stopped at a restaurant, ate, and left Aurora about 2:30 p.m.

At trial, the three defendants were represented by the same appointed public defender. Before a jury was selected, the State moved to sever Dunn's case from that of Holman and Farrow. The State indicated that it intended to introduce Dunn's statement into evidence, that the statement might raise the possibility of a conflict of interest, and that the continued joint representation of defendants by the public defender might be improper. The State suggested that the court appoint separate counsel either for Dunn or for the other two codefendants. Defense counsel responded that the possibility of a conflict of interest being raised by the statement had not occurred to him; that he was, nevertheless, ready for trial and would let the court resolve the problem. The court ruled that the statement did not make the continued representation by the public defender improper and denied the State's motion for severance.

Defendants Holman and Farrow now contend that the court's failure to sever their case and appoint separate counsel denied them a fair trial and effective assistance of counsel. They argue that their position at trial was antagonistic to Dunn's because Dunn's statement to police incriminated them and presented the public defender with the dilemma of representing Dunn while at the same time attacking his statement for the benefit of the other two defendants.

■■ As a general rule, jointly indicted defendants should be tried together. (*People v. McCasle* (1966), 35 Ill. 2d 552, 556.) The court must grant separate trials or require separate legal representation only when the defenses of joint defendants are so antagonistic that a fair trial would be otherwise impossible. (*People v. McCasle* (1966), 35 Ill. 2d 552, 556; *People v. Chapman* (1965), 66 Ill. App. 2d 124.) This was not the situation in the case at bar. Dunn did not, by his statement, implicate himself or his codefendants in the alleged robbery. Although his statement placed all three defendants in Aurora on the date of the robbery, this fact alone cannot be construed as an implied admission that the defendants committed the robbery.

In actuality, contrary to Holman's and Farrow's contentions, the record indicates that Dunn's statement was used to their advantage. The public defender was faced with many incriminating facts which linked all three defendants to the robbery. The State's evidence clearly demonstrated that the car in which defendants rode belong to defendant Farrow; witnesses observed Farrow's car parked near the tobacco store at approximately the time of the robbery, and noted that the car had four black, male occupants; in an attempt to avoid police, the defendants abandoned the auto in the middle of the road and hid in a cornfield; the three were together when arrested; and the hat, found near them at the time they were apprehended, contained the money stolen from the tobacco store. Dunn's testimony, which exculpated him and his

codefendants, was used to corroborate his statement and to place the guilt on a fourth individual who unexpectedly met defendants herein at the restaurant and accompanied them out of Aurora. Dunn's statement to police attempted to explain the presence of Farrow's auto in Aurora, and his testimony attempted to explain the fact that the stolen money was found in the presence of the three defendants.

■■ Although the State's evidence, that the defendants were apprehended at noon, refuted the portion of Dunn's statement which placed the defendants in Aurora at 2:30 p.m., this discrepancy merely attacked the credibility of the statement. It did not render it incriminating. We have held that the mere possibility of a codefendant being subject to impeachment does not give the other defendants the unqualified right to a separate trial. (*People v. Humphrey* (1970), 129 Ill. App. 2d 404, 413-14.) Similarly, the mere fact that a codefendant's out-of-court statement is impeachable at trial does not, under the law, warrant defendants, with defenses not otherwise antagonistic, the unqualified right to a separate trial.

■■ Absent any showing that Dunn's statement incriminated his codefendants, Holman and Farrow have failed to otherwise demonstrate the antagonistic nature of their defenses. Accordingly, this court finds that neither the trial court's failure to sever the defendants' cases, nor its failure to appoint separate counsel, denied defendants Holman and Farrow the right to a fair trial or the effective assistance of counsel.

All three defendants contend that the trial court abused its discretion by ruling their prior convictions admissible for purposes of impeachment, but each defendant outlines a separate argument to support his contention. At trial, the State sought to introduce the defendants' prior conviction records. Each defendant had a prior armed robbery conviction which had occurred within four years of their joint trial. In addition, Holman had prior convictions for reckless conduct and a firearms ammunitions violation.

At trial, defense counsel argued that, pursuant to *People v. Montgomery* (1971), 47 Ill. 2d 510, the convictions should be held inadmissible because they involved crimes of violence rather than dishonesty. The court ruled that the convictions were admissible for purposes of impeachment, their being proximate in time and similar to the offense with which defendants were charged. All three defendants renew the argument made at trial.

■■ We recognize that the crime of armed robbery does involve an element of violence, but, as a form of stealing, it also reflects on a person's honesty. We are of the opinion, as are other courts in this State, that the crime of robbery, armed or otherwise, is probative of the perpetrator's veracity as a witness. (*People v. Dee* (1975), 26 Ill. App. 3d 691, 698-99;

*People v. Ridley* (1975), 25 Ill. App. 3d 596, 601.) Contrary to defendant Holman's contention, the trial court did not rule his convictions for reckless conduct and firearm violation admissible for purpose of impeachment.

Defendants Dunn and Farrow also contend the court erred in that it failed to consider the fact that their prior convictions were entered upon pleas of guilty, which, it is argued, is a sign of honesty, thus lessening the relationship of such convictions to testimonial veracity.

■■ In *People v. Montgomery* (1971), 47 Ill. 2d 510, the supreme court suggested factors which the trial court is to consider in exercising its discretion in this regard. The method by which a conviction is obtained is not a factor which appears among those the court is instructed to consider. Moreover, the defendants fail to recognize that the probative value of prior convictions for purposes of impeachment is not in the conviction itself, but rather the nature of the crime. If the interpretation to be drawn from a plea of guilty is as defendants would have it, this should be demonstrated in the form of rehabilitation evidence. See *People v. Ridley* (1975), 25 Ill. App. 3d 596, 601-02.

■■ Holman and Farrow next argue that the trial court's decision was an abuse of discretion in that the prejudicial impact of their prior convictions forced them to decline to testify, thus denying the jury of their version of the story. Defendant Dunn did testify and did explain his and his codefendants' actions. After consultation with defendants Holman and Farrow, counsel indicated to the court that they chose not to testify because of the court's ruling. Counsel did not, however, indicate that their testimony would have been different from Dunn's, and defendants Holman and Farrow have not so indicated in this appeal. Accordingly, we conclude that the trial court did not abuse its discretion in ruling defendants' prior convictions admissible for purposes of impeachment.

■■ Finally, defendants assert that their sentences of four to 12 years are excessive when compared to the three to nine year sentence imposed on a co-indictee who pled guilty to the charge. We recognize that fundamental fairness and respect for the law require that defendants similarly situated should not receive grossly disparate sentences. (*People v. Henne* (1973), 10 Ill. App. 3d 179.) However, one who contends that fundamental fairness requires reduction of a disparate sentence has the burden to produce a record from which a rational comparison can be made. (*People v. Hansen*, (1971), 132 Ill. App. 2d 911; *People v. Haynes* (1971), 132 Ill. App. 2d 130.) Though defendants have filed a supplemental record containing the co-indictee's conviction record, they have not provided, nor have they accounted for their failure to provide, this court with such records as the co-indictee's guilty plea hearing, sentencing hearing, or the mittimus for his conviction and sentence. We

therefore find that defendants have not carried their burden of presenting a sufficient record from which a rational comparison of the sentences can be made.

Accordingly, we deny the request that defendants' sentences be modified.

· Finding no error, we affirm the judgment of the trial court.

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.