THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GEORGE E. HAMILTON, Defendant-Appellant.

Fourth District   No. 13488

Opinion filed May 16, 1977.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville (Robert C. Perry and Marc D. Towler, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant was indicted for murder on May 28, 1975, and convicted at a bench trial of the lesser included offense of voluntary manslaughter on July 9, 1975. After a motion for probation was denied on July 23, 1975, he was sentenced to a term of imprisonment of not less than 2 nor more than

20 years. Defendant's motion for a new trial was denied on August 7, 1975, and he filed a notice of appeal the same day.

The conviction arose out of a shooting on May 7, 1975, in Jacksonville, Illinois. The defendant had a conversation with the decedent's wife that afternoon in which he had told her to stop spreading stories of his extramarital affairs. The decedent's wife reported the conversation to the decedent who left his home to talk to the defendant. Bennie Richardson, the decedent, arrived at defendant's house and spoke to defendant about the incident. Defendant denied having spoken sharply to Richardson's wife, and the decedent, apparently mollified, called his wife to tell her he would be home shortly. According to defendant, after his telephone call, Richardson attacked him and began to beat him about the head. In the process of this attack, a coffee table was knocked over and a loaded gun kept thereon was thrown to the floor. Defendant grabbed the gun and told Richardson to leave the house. The decedent instead grabbed defendant's arm holding the gun and hit defendant again. A struggle over the gun ensued and Richardson was shot. Defendant reported the incident to the police and at all times cooperated with them in their investigation of the incident.

Defendant was examined by a physician following his arrest and that physician testified that defendant had several abrasions about his face and body. Further, defendant had burn marks on his inner left forearm which were similar to powder burns. An expert witness brought by the State testified that the decedent was shot by a gun held from one to three feet from his body. A fingerprint expert found a print on the murder weapon. That print was the decedent's. The print was so located that the placement of the print on the gun would have resulted from the decedent holding the gun, pointing it away from himself. The print was of a quality that in eight years of fingerprint examination the expert could state he had only seen less than ten like it. The fatal bullet entered the decedent's body laterally and passed through several folds in his jacket prior to entry. When the police arrived at defendant's house they found the living room in a state of disarray. Newspapers were scattered throughout the room and one newspaper lay over the decedent's leg.

■■ While a defendant may be convicted by circumstantial evidence, that circumstantial evidence may not leave unanswered any reasonable hypothesis of innocence. (*People v. Redwine* (1974), 19 Ill. App. 3d 721, 312 N.E.2d 297.) Here defendant has argued on appeal, as he has throughout this proceeding, that the weapon was accidentally discharged during a struggle over its possession. That constitutes the argued reasonable hypothesis of innocence in this case. The State argues that several items of physical evidence disproved the defendant's theory: that it required 10.25 lbs. of pressure to pull the trigger of the weapon in

question, that the fingerprint of the decedent found on the death weapon was so clear and improperly placed as to indicate its placement after death, and that the newspaper draped over decedent's leg had to have been placed there after death. Conversely, defendant argues that none of these items of physical evidence disprove his story. Certainly, the remaining items of physical evidence, such as the powder burns on defendant's arm and the expert testimony regarding the distance between the gun and the decedent's body at the time of the shooting, while not inconsistent with the State's theory, are consistent with defendant's story.

■■ A reviewing court will not substitute its judgment for the judgment of the trier of fact with regard to either the credibility of the witnesses or the weight to be given their testimony. (*People v. Lipscomb* (1975), 28 Ill. App. 3d 240, 328 N.E.2d 37.) It is also not necessary that the trier of fact take the defendant's testimony as true and then search out a series of potential explanations to resolve the conflict between the physical evidence and the story given by defendant so as to reach a reasonable doubt. (*People v. Johnson* (1975), 28 Ill. App. 3d 139, 327 N.E.2d 535.) We do not find, however, that the State introduced sufficient evidence here to overcome the defendant's own explanation of this shooting. Defendant's explanation is consistent with those items of physical evidence relating to how the incident occurred. Certain disparities between defendant's testimony and physical evidence argued by the State concern actions of persons unknown after the deceased lost his life. Further, we find that the placement of the decedent's fingerprint on the weapon is not indicative of anything other than a struggle over the gun. The location of the print is supportive of defendant's theory.

■■ We are not convinced that defendant was convicted of voluntary manslaughter beyond a reasonable doubt. Defendant's own testimony does indicate, however, that he acted recklessly in drawing a loaded weapon during the course of a quarrel. Under the authority vested in this court under Supreme Court Rule 615 (Ill. Rev. Stat. 1975, ch. 110A, par. 615), we therefore reduce the degree of the offense to involuntary manslaughter. The sentence must be modified. Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(b)(4).

Defendant also argues that his conviction for voluntary manslaughter was improper under the rule of *People v. Echoles* (1976), 36 Ill. App. 3d 845, 344 N.E.2d 620, and that he should have been convicted of murder or nothing. While we find no reason to reach this point because of our disposition of the reasonable doubt issue, we are also of the opinion that *Echoles* does not prevent this court from entering a finding that defendant was guilty of involuntary manslaughter. *Echoles* was decided on the basis of a lack of evidence to support the finding of voluntary manslaughter.

Here, there is adequate evidence to support a judgment of guilty of involuntary manslaughter.

We accordingly affirm defendant's conviction, reduce the degree of the offense to involuntary manslaughter, and remand with directions to impose a sentence for that offense.

Conviction affirmed; remanded with directions.

REARDON and MILLS, JJ., concur.