(No. 48144.—

RICHARD KNOWLES, Adm'r, *et al.* v. THEOFILOS G. PANOPOULOS, Appellant.—(Richard Knowles, Appellee.)

*Opinion filed May 20, 1977.*

Parrillo, Bresler, Weiss & Moss, of Chicago (David J. Weiss, of counsel), for appellant.

Howard W. Minn and Kenneth A. Green, of Chicago (James G. Andros, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

Richard Knowles, father of the decedent and administrator of his estate, brought this action for wrongful death against Theofilos Panopoulos. A jury found for Panopoulos, but the appellate court reversed and remand-

ed. (*Knowles v. Panopoulos* (1975), 34 Ill. App. 3d 90.) We allowed defendant Panopoulos' petition for leave to appeal.

Decedent was a passenger on a motorcycle owned and driven by his stepbrother, Richard Rigsby, plaintiff-appellee Knowles' only occurrence witness, when he was killed as the result of a collision with Panopoulos' vehicle on September 2, 1968. At the trial in January 1974, on cross-examination and over the objection of Knowles' attorney, the court allowed into evidence the prior conviction of Rigsby for criminal trespass to a vehicle, a misdemeanor (Ill. Rev. Stat. 1971, ch. 38, par. 21—2). Rigsby had been convicted in March 1970. Plaintiff Knowles' counsel contended that only infamous crimes, as defined by the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 124—1), may be introduced to impeach a witness, here a nonparty witness, in a civil proceeding; a conviction for a misdemeanor may not be introduced. Defendant Panopoulos' counsel, on the other hand, maintained that *People v. Montgomery* (1971), 47 Ill. 2d 510, had expanded the criminal convictions which could be used to impeach a witness and was controlling here.

The issue is whether *Montgomery* is applicable to civil proceedings and whether *Montgomery* is so expansive as to allow into evidence Rigsby's conviction for criminal trespass in order to impeach his testimony. We hold *Montgomery* is applicable to civil actions but is a limitation on the admission of prior convictions to impeach.

In *Montgomery*, this court adopted the proposed Rule 609 of the Federal Rules of Evidence and held that a 21-year-old conviction was too remote in time to affect the credibility of the accused who took the stand and that the trial court does have discretion to prevent admission into evidence of a prior conviction where "the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice." (47 Ill. 2d

510, 516.) (Proposed Rule 609 is not precisely the same as the eventually adopted Rule 609 for use in Federal courts.) Paragraph (a) of proposed Rule 609 states:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime, except on a plea of *nolo contendere*, is admissible but only if the crime, (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement regardless of the punishment unless (3), in either case, the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice." 47 Ill. 2d 510, 516. See also *People v. Ray* (1973), 54 Ill. 2d 377.

No longer is a distinction made between infamous crimes and misdemeanors for impeachment purposes in criminal cases. Any prior conviction, so long as it comports with paragraph (a) as well as with the other provisions set out in *Montgomery*, 47 Ill. 2d at 516, may be introduced. Defendant Panopoulos asserts this is now the law applicable to civil proceedings.

At common law in Illinois, as Knowles correctly points out, in a civil proceeding, only an infamous crime, as set out in the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 124–1), could be introduced into evidence to impeach the testimony of a witness whether a party or not. In other words, conviction for a misdemeanor was inadmissible to attack the credibility of a witness in a civil proceeding. (*Matzenbaugh v. People ex rel. Galloway* (1901), 194 Ill. 108, where the prior conviction had to be infamous at common law or under the statutes. See also *Lingle v. Bulfer* (1926), 322 Ill. 606.) The basic policy considerations were that the trier was more interested in getting the truth out than in a witness' past; and the witness or the plaintiff's cause would be prejudiced by a showing of a misdemeanor conviction. This clearly was the law up to 1971 when *Montgomery* was handed down. Thereafter, the courts have split over

the issue of whether *Montgomery* controls civil cases, as Panopoulos argues. *E.g., Knowles v. Panopoulos* (1975), 34 Ill. App. 3d 90; *contra, Charlton v. Baker* (1976), 36 Ill. App. 3d 427.

The confusion as to the applicability of *Montgomery* to civil cases may be traced to the final paragraph of that case: "In our opinion, the provisions of this Rule [proposed Rule 609] should be followed in future cases." (47 Ill. 2d 510, 519.) Clearly criminal cases are bound by *Montgomery*; and the defendant Panopoulos asserts that civil cases are also obliged to follow *Montgomery*. The appellate court did not agree. We affirm the appellate court decision, but we do not agree with its rationale. We hold *Montgomery* is applicable to civil cases and that, for the purposes of impeachment of testimony, there is no distinction between misdemeanors and infamous crimes when introducing prior convictions in civil and criminal proceedings.

There are a number of reasons for not distinguishing between infamous crimes and misdemeanors, civil proceedings and criminal, regarding the admission of evidence of convictions. First, the court must be more concerned with ascertaining the truth and should not allow into evidence a conviction which does not reasonably relate to testimonial deceit. Unfair prejudice results. Only if the crime bears a sentence of over one year or is a crime of dishonesty is it serious enough to assail the credibility of the witness. The quest for truth is the same in criminal or civil cases and therefore the distinctions are not pertinent.

Second, the Federal Rules of Evidence, from which *Montgomery* adopted its rule, are uniformly applicable to criminal and civil proceedings unless otherwise expressed. Rule 1101(b) states that the Rules "apply generally to civil actions and proceedings *** [and] to criminal cases and proceedings ***." There is no exception stated for impeachment of testimony by prior conviction. We are, of course, not bound by the Federal Rules of Evidence but,

for the purpose of uniformity, we believe it wise to apply *Montgomery* to civil proceedings.

Third, before *Montgomery, Bartholomew v. People* (1882), 104 Ill. 601, which held that impeachment was limited to evidence of prior convictions for infamous crimes only, was followed in civil and criminal cases. Once the limitation is removed in criminal cases, as *Montgomery* effected, there is no reason not to remove the limitation in civil cases, provided the *Montgomery* requirements are observed.

The final reason for reaching our conclusion of not distinguishing between civil and criminal cases and misdemeanors and infamous crimes, when applying *Montgomery,* is that the criminal and civil statutes allowing the use of prior convictions to impeach are essentially the same. Ill. Rev. Stat. 1975, ch. 38, par. 155—1, and ch. 51, par. 1.

Applying *Montgomery* to the instant case, we find we must affirm the appellate court, albeit for a different reason. The trial court erred not because Rigsby's conviction was a misdemeanor but because it simply does not fall under either of the categories of paragraph (a) of proposed Rule 609. (*People v. Montgomery,* 47 Ill. 2d 510, 516.) Criminal trespass to a vehicle does not carry a sentence of more than one year's imprisonment, nor is it a crime of dishonesty or false statement as it is defined by statute. That statute provided:

> "Sec. 21—2. Criminal Trespass to Vehicles. Whoever knowingly and without authority enters any vehicle, aircraft or watercraft or any part thereof of another without his consent shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both." Ill. Rev. Stat. 1971, ch. 38, par. 21—2.

We reject defendant Panopoulos' contention that to determine whether a crime involves dishonesty, the facts surrounding the witness' prior conviction must be looked at. This court has held that only the conviction may be

allowed to impeach and not an arrest, indictment, charge or actual commission. *People v. Mason* (1963), 28 Ill. 2d 396, 400.

The trial court, under *Montgomery*, determines whether the prior conviction falls under (a)(1) or (2) of the provisions *Montgomery* adopted and then whether " 'the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice.' " 47 Ill. 2d at 516.

In sum, Rigsby's prior conviction did not fall under the provisions of *Montgomery*, 47 Ill. 2d at 516. It did not relate to his credibility as a witness. Indeed, his credibility and the plaintiff's cause were unfairly prejudiced by the introduction into evidence of his prior conviction and the trial court should have excluded that evidence. Hence, we affirm the appellate court's reversal and remand for a new trial.

*Judgment affirmed.*