THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LEON WRIGHT, Defendant-Appellant.

Fourth District No. 14021

Opinion filed August 8, 1977.

REARDON, J., specially concurring.

KUNCE, J., dissenting.

Richard J. Wilson and Edward R. Green, both of State Appellate Defender's
Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert C. Perry and Jeffrey B.
Levens, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the
court:

Defendant appeals from his convictions of rape and attempted deviate sexual assault which resulted in concurrent sentences of 5 to 12 years and 4 to 12 years' imprisonment, respectively. The case hinges on the credibility of defendant and the complaining witness, Lillian Mitchell. She testified that he had intercourse with her against her will after forcing his way into her Champaign apartment on the evening of March 1, 1976. She testified that defendant attempted to shove his penis into her mouth but that she dissuaded him from doing so. He denied this but defendant admits having consensual intercourse with her on that occasion. Ms. Mitchell's testimony is corroborated by photographs taken the next day which depict bruises about her neck, shoulders, and legs which she claims were inflicted upon her by defendant in his efforts to force her to have intercourse with him. Also, she made a prompt complaint by phoning the police as soon as defendant left her apartment.

The State, over defendant's objection, moved to admit two prior aggravated battery convictions, both less than two years old. The court admitted the prior convictions and defendant was found guilty.

On appeal, defendant argues that the court abused its discretion in allowing his impeachment with two aggravated battery convictions.

■■ It is one of the fundamental concepts in our criminal justice system that evidence of past crimes is not admissible to prove defendant's disposition to commit the crime charged. (See McCormick, Evidence §190 (2d ed. 1972); *People v. Richardson* (1959), 17 Ill. 2d 253, 161 N.E.2d 268.) Of course, the rationale for the rule is the recognition that the jury may convict a defendant based on his prior acts and not solely on the basis of the proof in the case at hand. This rule has many well recognized exceptions (see McCormick, Evidence §190 (2d ed. 1972)), one of which is impeachment, where defendant takes the stand as a witness. That exception is given definition in Illinois in *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.

Under *Montgomery*, where the prior conviction was for a felony or crime involving dishonesty, the trial court has discretion to refuse the impeachment if it believes that the prejudicial effect of the impeachment outweighs the probative value of the prior conviction to the issue of credibility. *Montgomery* relied heavily on *Gordon v. United States*, 383 F.2d 936 (D.C. Cir. 1967), *cert. denied*, 390 U.S. 1029, 20 L. Ed. 2d 287, 88 S. Ct. 1421, and *Luck v. United States*, 348 F.2d 763 (D.C. Cir. 1965). In *Gordon* the court stated:

> "In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence on the other hand, which may result from a short temper, a combative nature, extreme provocation, or other causes,

generally have little or no direct bearing on honesty and veracity. A 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not." 383 F.2d 936, 940.

This language from *Gordon* was quoted with approval in *People v. Ridley* (1975), 25 Ill. App. 3d 596, 323 N.E.2d 577, a recent first district case where the appellate court held it was not an abuse of discretion to allow defendant, who was on trial for armed robbery, to be impeached with two recent armed robbery convictions. The court in *Ridley* emphasized that robbery was stealing and involved an element of dishonesty which bears on credibility. *Ridley* is distinguishable from the present case because aggravated battery has no bearing whatsoever on honesty and veracity.

The State contends that the present case is analogous to *People v. Blythe* (1974), 17 Ill. App. 3d 768, 308 N.E.2d 675, where this court found no abuse of discretion where defendant, on trial for murder had been impeached with prior convictions for manslaughter and assault with intent to commit robbery with a dangerous weapon (both Tennessee convictions less than five years old). *Blythe* held:

> "[T]he two Tennessee convictions, being crimes of violence, do have a bearing directly upon the credibility of the defendant's contention that he killed in self-defense and the credibility of his evidence supporting that defense." 17 Ill. App. 3d 768, 770-71, 308 N.E.2d 675, 678.

In the present case the State argues that the issue of consent in a rape case is analogous to the self-defense question in a murder prosecution. On this basis they urge the application of *Blythe* here. In *Blythe*, the two prior convictions were not alike. Manslaughter has no bearing on truth and veracity while assault with the intent to commit robbery may, since there was proof of an intent to commit a theft. Theft related offenses obviously involve dishonesty and arguably reflect on a person's likelihood of telling the truth when testifying as a witness. (*Gordon.*) Irrespective of this distinction, we do not feel that *Blythe* should be extended further in the context of the present case. We disagree with that court's reasoning that "crimes of violence, do have a bearing directly upon the credibility of the defendant's contention that he killed in self-defense * * *." (17 Ill. App. 3d 768, 771, 308 N.E.2d 675, 678.) While that statement is couched in terms of credibility, what it ultimately reduces to is defendant's propensity to commit crimes of violence.

In ruling on this issue in the present case the trial judge said, "While these crimes are not crimes of dishonesty or false statements within the meaning of *People v. Blythe,* they tend to show the violent nature or capability of the defendant and it appears that they are relevant as

tending to show that he may be untruthful in stating that there was no violence committed upon Lillian Mitchell." This statement, while it uses the term credibility, really concerns defendant's propensity to commit crimes with the use of force.

It strikes us as very strange indeed that the State argues defendant's prior aggravated battery convictions have relevancy to his truthfulness and veracity while at the same time they opposed defendant's efforts to have the jury admonished that he pleaded guilty to these charges. Both *People v. Holman* (1976), 43 Ill. App. 3d 56, 356 N.E.2d 1115, and *Ridley* recognize that while the nature of the impeaching crime itself is what *Montgomery* directs the trial judge to consider when weighing whether to allow prior convictions for impeachment, the fact that defendant pleaded guilty may be used by him as rehabilitation evidence once the prior convictions are introduced. It would be strange to admit the prior convictions for impeachment with their dubious bearing on veracity, and obvious effect of showing propensity to commit crime, yet not let the jury hear that defendant admitted those crimes. We need not, however, pass on defendant's contention that it was error here to deny him the opportunity to apprise the jury that the aggravated battery convictions resulted from guilty pleas. Defendant waived this issue by not raising it in his post-trial motion. *People v. Hairston* (1970), 46 Ill. 2d 348, 263 N.E.2d 840, *cert. denied*, 402 U.S. 972, 29 L. Ed. 2d 136, 91 S. Ct. 1658; *People v. Lipscomb* (1975), 28 Ill. App. 3d 240, 328 N.E.2d 37.

We are unaware of any exception to the general rule barring evidence of prior crimes which would allow the State to introduce defendant's prior convictions for the purpose of showing that the use of force in prior crimes tends to rebut defendant's testimony that he did not use force in the present case. Basically, the trial judge's comments in denying defendant's motion to prevent introduction of the aggravated battery convictions, amounts to the adoption of such a rule. Such a rule confuses the two distinct questions of credibility and propensity to commit crime. Defendant's two prior convictions may have probative value as to his present disposition to use force, albeit inadmissible for that purpose, but have no probative value as to his truthfulness as a witness, which is the only focus of concern here. The trial court's ruling constituted an abuse of discretion in the application of the *Montgomery* test. In this regard, we note that the batteries here became aggravated, thus felonies instead of nonimpeachable misdemeanors, because in one case the offense occurred in a public place and in the other the victim was a policeman. *Montgomery* draws the line only between felonies and misdemeanors. In a recent case, *Knowles v. Panopoulos* (1977), 66 Ill. 2d 585, 363 N.E.2d 805, the Illinois Supreme Court held *Montgomery* applicable to civil cases and reiterated the rule of *Montgomery* that the trial court must determine

whether " 'the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice.' " (66 Ill. 2d 585, 587, 363 N.E.2d 805, 807.) However, defendant's argument that the place where a battery occurs and the identity of the victim have absolutely nothing to do with defendant's credibility seems well taken. That the identity of the victim in one and the place of the battery in the other are all that make these convictions impeachable should mitigate in defendant's favor when the court applies the *Montgomery* test.

■■ Since aggravated battery is a felony punishable with imprisonment in excess of a year, it is within the court's discretion to allow or disallow the impeachment under *Montgomery*. Yet we cannot conceive of what there is about the crime of aggravated battery which is at all probative of the defendant's honesty and veracity as a witness. Balancing zero probative value against the obvious danger of prejudice inherent when the jury is informed that defendant is a convicted felon, we conclude that the danger of prejudice clearly outweighs the probative value of the two prior convictions. The admission of these prior convictions was an abuse of discretion and mandates reversal and remandment for a new trial.

We need not consider the issue concerning evidence contained in a police report allegedly not furnished to the defendant. Defendant will have benefit of this information in a retrial.

■■ Finally, in a supplemental brief, defendant raised a further issue which was not raised at trial nor in the post-trial motion or in his original brief. He would have us decide whether section 111—2(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—2(a)) is an unconstitutional delegation of legislative authority to the State's Attorney. We decline to reach this issue since points not raised in the trial court will not be considered for the first time on appeal. (*Ray v. City of Chicago* (1960), 19 Ill. 2d 593, 169 N.E.2d 73.) We note, however, that this issue has been addressed in *People v. Vaughn* (1977), 49 Ill. App. 3d 37, 363 N.E.2d 879, in which the court decided that section 111—2(a) was not an unconstitutional delegation of legislative power to the State's Attorney. See *People v. Redmond* (1977), 67 Ill. 2d 242, 367 N.E.2d 703.

For the foregoing reasons, the judgment of the circuit court of Champaign County is reversed and this cause is remanded for a new trial.

Reversed and remanded.

Mr. JUSTICE REARDON, specially concurring:

I can only conclude that the trial judge neglected to engage in the balancing test required by *People v. Montgomery* (1971), 47 Ill. 2d 510,

268 N.E.2d 695. I agree with the result reached by the majority because the record reflects that the trial judge admitted the evidence of defendant's prior criminal convictions, not to attack the defendant's testimonial credibility, but to establish the defendant's propensity to engage in violent crimes.

I am of the opinion, however, that the proper interpretation of the rule stated in *Montgomery* is that any offense, the punishment for which could result in a penitentiary sentence of one year or more or a sentence of death, is presumed to relate to honesty and veracity. I further interpret the Montgomery rule to permit the introduction of convictions for lesser offenses when those offenses directly relate to dishonesty and false statement. In either case, the conviction may only be used in impeachment if its probative value outweighs its prejudicial effect and if the attempt to impeach occurs during the 10-year period defined in *People v. Ray* (1973), 54 Ill. 2d 377, 383, 297 N.E.2d 168, 171.

It is my belief that any recent criminal conviction, be it for an infamous crime (Ill. Rev. Stat. 1975, ch. 38, par. 124—1), felony or misdemeanor, can and should be used to impeach a witness if its probative value outweighs its prejudicial effect. (Compare *State v. West* (1969), 285 Minn. 188, 193-94, 173 N.W.2d 468, 472, with *Knowles v. Panopoulos* (1977), 66 Ill. 2d 585, 363 N.E.2d 805, and *Montgomery*.) I view a witness in this posture—he comes before the jury after being sworn upon his solemn oath to tell the truth and he seeks to have the jury believe that to which he is testifying. His credibility, therefore, is essential to a proper interpretation of every word that he utters. A failure to inform the trier of facts of the defendant's previous disrespect for societal orders denies to the jury the basis upon which credibility can be weighed and evaluated. As a result, I cannot agree that in the instant case the defendant's record of prior transgressions has only zero probative value.

I am of the further opinion that the trial judge should have permitted the defendant to show that he had pleaded guilty to the prior aggravated battery convictions. I do, however, agree with the majority that it is not required of us to rule on this question because the defendant has waived it by not raising it in his post-trial motion.

Mr. JUSTICE KUNCE, dissenting:

I agree and would adopt as part of my dissent the reasoning and statement of the specially concurring opinion on the proper interpretation of the *Montgomery* decision that the conviction for any felony is presumed to relate to honesty and veracity and that, in the instant case, the defendant's record of prior convictions has more than zero probative value. Only lesser offenses must relate directly to dishonesty and false

statement under *Montgomery* and Federal Rule 609 adopted by the Supreme Court in that decision.

I cannot, however, agree with the majority in the case before us that the statement of the trial judge indicates that he admitted the evidence of defendant's prior felony convictions solely to establish the defendant's propensity to engage in violent crimes and not to attack the defendant's veracity which constituted an abuse of discretion in the application of the *Montgomery* test requiring reversal.

The trial court pointed out that his ruling was influenced by the recent date of the convictions and that the aggravated batteries tended to discredit the defendant's testimony that he did not use force in the commission of the offense when the evidence to the contrary was overwhelming. The court considered relevant factors in exercising his discretion as required by *Montgomery*. He did not act arbitrarily or capriciously, but after thoughtful consideration, weighed and struck a reasonable balance between the interest of the defendant and the public interest in the search for truth.

I find the discretion so exercised by the trial judge under the facts of this case, considering the nature and circumstances of the offense and the entire record, was sound and not abusive. In my opinion, to so find would not be an extension of *Blythe*, as the majority opinion indicates, but an adoption and following of the holding in that case.

For these reasons, I must respectfully dissent and would affirm the judgment of the trial court of Champaign County.