THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. GILL REDMOND, Appellee.

*Opinion filed June 27, 1977.—Rehearing denied Oct. 3, 1977.*

William J. Scott, Attorney General, of Springfield and Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran, Assistant Public Defender, of counsel), for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

This is a direct appeal (58 Ill. 2d R. 603) from a judgment of the circuit court of Cook County which dismissed a count charging attempted murder in a criminal information of four counts filed against the defendant, Gill Redmond, and which held section 111—2(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—2(e)) to be unconstitutional.

On April 19, 1976, Redmond was charged in a complaint with the offense of aggravated battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—4). A preliminary hearing was held on April 28, 1976, at which the complainant, Lesley

Illidge, testified. Illidge stated that he had approached the defendant and several other men on the evening of April 18 and inquired if they knew where he could obtain drugs. Told to follow them, he entered an apartment building, and as they were leaving the building's elevator the defendant attempted to draw a revolver from his pocket. Illidge said that, as he reached to grasp the defendant's arm, the gun went off and a bullet struck him in the leg. On cross-examination Illidge admitted he had known the defendant for two years and had no previous difficulties with him. No other witnesses appeared, and a finding of probable cause was entered by the court.

On May 6, 1976, a four-count information was filed by the State's Attorney charging the defendant with one count of attempted murder (Ill. Rev. Stat. 1975, ch. 38, pars. 8—4 and 9—1) and three counts of aggravated battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—4). This was done under section 111—2(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—2(e)), which provides that, following a finding of probable cause at a preliminary hearing, the prosecution may proceed by information for all offenses arising from the same transaction or conduct of the defendant even though the complaint on which the preliminary hearing was held charged only one or some of the offenses set out in the information.

On December 6, 1976, the defendant moved to quash count I of the information, which charged attempted murder, on the ground that a preliminary hearing had not been held on that charge at which a judge had determined the existence of probable cause, which he said was required by article I, section 7, of the Constitution of Illinois of 1970. The defendant also argued that section 111—2(e) violated the fourth and fourteenth amendments of the Constitution of the United States by permitting a prosecutor to bring a criminal charge against an accused

without providing for a preliminary hearing and a judicial determination of probable cause. The circuit court allowed the defendant's motion, holding section 111—2(e) to be unconstitutional.

Article I, section 7, of our constitution declares:

"No person shall be held to answer for a criminal offense unless on indictment of a grand jury, except in cases in which the punishment is by fine or by imprisonment other than in the penitentiary, in cases of impeachment, and in cases arising in the militia when in actual service in time of war or public danger. The General Assembly by law may abolish the grand jury or further limit its use.

No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause." Ill. Const. 1970, art. I, sec. 7.

In 1975 the General Assembly, acting under the power granted by article I, section 7, to "abolish the grand jury or further limit its use," amended section 111—2 of the Code of Criminal Procedure to provide in part:

"(a) All prosecutions of felonies shall be by information or by indictment. No prosecution may be pursued by information unless a preliminary hearing has been held or waived in accordance with Section 109—3 and at that hearing probable cause to believe the defendant committed an offense was found.

\* \* \*

(e) Where the prosecution of a felony is by information or complaint after preliminary hearing, or after a waiver of preliminary hearing in accordance with paragraph (a) of this Section, such prosecution may be for all offenses, arising from the same transaction or conduct of a defendant even though the complaint or complaints filed at the preliminary hearing charged only one or some of the offenses arising from that transaction or conduct." Ill. Rev. Stat. 1975, ch. 38, par. 111—2.

Contrary to the defendant's claim, we consider that a

prosecution by information under section 111—2(e) does not violate the due process clause of the fourteenth amendment. The provision of the fifth amendment requiring indictment by a grand jury is not applicable to State criminal proceedings. (*Hurtado v. California,* 110 U.S. 516, 28 L. Ed. 232, 4 S. Ct. 111 &·292; *Morford v. Hocker* (9th Cir. 1968), 394 F.2d 169.) Too, a State may, consistent with due process, dispense with the preliminary hearing procedure and authorize the prosecutor to initiate the criminal proceeding directly. *Lem Woon v. Oregon,* 229 U.S. 586, 57 L. Ed. 1340, 33 S. Ct. 783.

The defendant repeats here his contention that section 111—2(e) violates an accused's right to a prompt preliminary hearing to establish probable cause as declared in article I, section 7, of our constitution, because, he says, the constitutional provision requires a probable cause determination for each separate charge which might be brought in a criminal information. The defendant's contention cannot be supported.

In considering the provision of article I, section 7, requiring the holding of a prompt preliminary hearing, it is appropriate to observe that this court has stated that the first purpose of the provision is to insure that a defendant is not held without a prompt showing of probable cause. "[T] he assurance of a prompt probable-cause determination of our new constitution *** [is addressed to] the constitutionally given right not to be unduly detained in any event." *People v. Howell,* 60 Ill. 2d 117, 122.

This is clear from the proceedings of the constitutional convention. The report of the Bill of Rights Committee to the convention stated:

> "Illinois law currently requires that a person who is arrested shall be taken before a judge 'without unnecessary delay.' The judge must inform the defendant of the charge against him, advise him of his right to counsel (and appoint counsel where appropriate), admit him to bail in accordance with law, and hold a preliminary hearing in

those cases where the judge is without jurisdiction to try the offense. Ill. Rev. Stats., 1969, Ch. 38, Sec. 109—1. \*\*\* In the preliminary hearing the judge determines whether 'there is probable cause to believe an offense has been committed by the defendant.' Illinois Rev. Stats., 1969, Ch. 38, Sec. 109—3.

The new provision seeks to assure that no person will be held to answer for serious crimes without prompt conformity with these important rights, unless they are understandingly waived." 6 Record of Proceedings, Sixth Illinois Constitutional Convention 74-75 (hereafter cited as Proceedings).

When the proposal for a required preliminary hearing was submitted to the convention, Delegate Bernard Weisberg, who spoke in behalf of the committee, stated:

"The theory of the requirement in our law that a person should not be required to stand trial or, for that matter, be held in extended custody without a preliminary hearing and a judicial determination of probable cause, is old and is rather simple. It is that when a person is charged with a crime by a member of the executive branch of government, be he a police officer or be he a prosecuting attorney, that for the protection of the individual there should be some independent determination by a judge that there is, in fact, some good reason for holding this individual in custody, and that's what lawyers mean when they use the technical shorthand of a judicial determination of probable cause.

The judge, when he determines probable cause, in effect, asks, 'What's this all about? Was there a good reason for the policeman to take this person into custody and charge him with a crime, if the case came up initially that way, by an arrest without a warrant?' If the arrest was commenced pursuant to a warrant, then that hearing has already been held, at least to the extent that the judge had to be persuaded that there was a reason to issue the arrest warrant. This is one of the very, very basic protections in principle in our law for individuals against uwarranted arrest, unwarranted custody, and unwarranted prosecution." 3 Proceedings 1450-51.

Later Mr. Weisberg was questioned as to whether a

second preliminary hearing would be required if an accused was bound over to the grand jury after a preliminary hearing on one charge and a true bill returned by the grand jury charged another offense. He expressed the opinion that the accused would be entitled to a second preliminary hearing if the new charge were "completely unrelated" and "fundamentally different." (We need not consider the correctness of this view under the facts here.) The delegate went on to say:

> "I don't think it is the intention or the contemplation of the committee that a further preliminary hearing would be required if the offense was substantially the same one on which he received a preliminary hearing before being bound over to the grand jury." 3 Proceedings 1452.

Although the discussion in the convention proceedings referred to an indictment of an accused subsequent to a preliminary hearing, the discussion is applicable to a subsequent criminal information, as is the case here.

Considering the historical purpose of the preliminary hearing and the relevant proceedings, including the report of the Bill of Rights Committee and the colloquy concerning it, we judge that the provision of section 111—2(e) that "such prosecution may be for all offenses, arising from the same transaction or conduct of a defendant even though the complaint or complaints filed at the preliminary hearing charged only one or some of the offenses arising from that transaction or conduct," was not contrary to the intendment of that part of article I, section 7, providing for a prompt preliminary hearing for an accused.

California has a constitutional provision and a statute resembling the ones we are considering. Article I, section 14, of the Constitution of California provides that "[f] elonies shall be prosecuted as provided by law, either by indictment or, after examination and commitment by a magistrate, by information." (Cal. Const. 1879, art. I, sec.

14 (1974); see also Cal. Const. 1879, art. I, sec. 8.) Section 739 of the California Penal Code authorizes the prosecuting attorney to file, following the preliminary examination and commitment, "an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed." Cal. Penal Code sec. 739 (West 1970).

This statute, and its predecessor, were held to be constitutional. (*People v. Bird* (1931), 212 Cal. 632, 300 P. 23.) In *People v. Evans* (1952), 39 Cal. 2d 242, 249, 246 P.2d 636, 640, it was said: "The effect of the court's declarations of the constitutional operation of the section was to approve the filing of an information charging a different but related crime shown by the evidence taken before the magistrate bearing on the transaction involved in the commitment order."

The State's Attorney's charging the defendant here with a count of attempted murder was authorized under our statute. The offense of attempted murder under the evidence might certainly be said to have been an offense which arose "from the same transaction or conduct" of the defendant as was testified to at the preliminary hearing.

For the reasons given, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*