THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIAM SMITH, Defendant-Appellee.

First District (1st Division) No. 81—3058

Opinion filed June 13, 1983.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Paula Carstensen, and Bryan David Schultz, Assistant State's Attorneys, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran, Assistant Public Defender, of counsel), for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

The defendant, William Smith, was arrested and charged with felony theft. (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)(1).) The State appeals from an order of the trial court sustaining the defendant's pretrial motion to quash the indictment.

The record shows that on September 9, 1981, the defendant was arrested and charged with theft by felony complaint for preliminary examination. On that date the defendant's bond was set and the matter was continued on his motion to September 24, 1981, at which time the matter was again continued to October 20, 1981, so that defendant could obtain counsel. When defendant appeared in court with his counsel on the latter date for the preliminary hearing, he was informed by the prosecutor that he had been indicted by the grand jury on October 13, 1981, and would not receive a preliminary hearing.

Following a hearing on defendant's motion to quash the indictment, the trial court stated that by proceeding by complaint for preliminary hearing and then proceeding to indictment without first obtaining the preliminary hearing, the State put "the defendant through a lot of unnecessary judicial or defense delay." The court then sustained the defendant's motion.

The State contends that the trial court erred by granting defendant's motion to quash the indictment which charged him with the same offense as the pending complaint for preliminary hearing. It maintains that the defendant is not constitutionally entitled to a preliminary hearing where he is initially charged by criminal complaint, but then is indicted for the same crime prior to hearing on the complaint. We agree.

It is a well-established rule that a defendant has no constitutional right to a preliminary hearing for determination of probable cause because a State may, consistent with due process, dispense with the preliminary hearing procedure and initiate the criminal proceeding di-

rectly by grand jury indictment. (*People v. Redmond* (1977), 67 Ill. 2d 242, 367 N.E.2d 703; *People v. Hendrix* (1973), 54 Ill. 2d 165, 295 N.E.2d 724.) The alternative procedures of grand jury indictment and preliminary hearing both serve the function of determining probable cause, and to require a repetition of this function by conducting post-indictment preliminary hearings would be an empty formality serving no legitimate purpose. (*People v. Franklin* (1979), 80 Ill. App. 3d 128, 398 N.E.2d 1071.) All that is required is that an accused be afforded a prompt probable-cause determination of the validity of the charge either at a preliminary hearing or by an indictment by a grand jury. *People v. Kline* (1982), 92 Ill. 2d 490, 442 N.E.2d 154.

We agree with *People v. Franklin* that "the statutory and procedural safeguards built into the criminal justice system, the most important being the right of the accused to a fair and impartial trial (see *People v. Creque* (1978), 72 Ill. 2d 515, 382 N.E.2d 793), minimize any disparity which may arise from the State's two-part scheme of initiating criminal proceedings." (80 Ill. App. 3d 128, 132.) We therefore hold that the trial court erred by quashing the indictment herein.

The judgment of the circuit court of Cook County is therefore reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McGLOON and GOLDBERG, JJ., concur.