# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Velez*, 2012 IL App (1st) 110801

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RAYMOND VELEZ, Defendant-Appellee. |
| District & No. | First District, First Division<br>Docket No. 1-11-0801 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | November 13, 2012<br><br>December 17, 2012<br>December 21, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the trial court found probable cause for charges of armed robbery and aggravated vehicular hijacking following a preliminary hearing, and then the State filed a multicount information charging defendant with being an armed habitual criminal and unlawful use of a weapon by a felon, the dismissal of those two counts on the ground that the State failed to present evidence to support those counts was reversed, since the dismissed counts arose from the same conduct as the aggravated vehicular hijacking and armed robbery counts for which probable cause was found at the preliminary hearing, they were not "completely unrelated" or "fundamentally different" from those counts, and the State met the requirements of section 111-2(f) of the Code of Criminal Procedure. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CR-10660; the Hon. Thomas M. Davy, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Peter Fischer, and Whitney Bond, Assistant State's Attorneys, of counsel), for the People.

Abishi C. Cunningham, Jr., Public Defender, of Chicago (Sophia Atcherson, Assistant Public Defender, of counsel), for appellee.

Panel

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Presiding Justice Hoffman and Justice Delort[1] concurred in the judgment and opinion.


## OPINION

¶ 1    This appeal arises from a January 21, 2011 order entered by the circuit court of Cook County which granted defendant-appellee, Raymond Velez's motion to dismiss one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2010)), and two counts of unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2010)). On appeal, the State argues that the trial court erred in dismissing the counts for being an armed habitual criminal and unlawful use of a weapon by a felon. For the following reasons, we reverse the ruling of the circuit court of Cook County and remand the matter for further proceedings consistent with this opinion.

¶ 2                              BACKGROUND

¶ 3    On May 26, 2010, Velez was arrested and charged with armed robbery (720 ILCS 5/18-2(a) (West 2010)), possession of cannabis (720 ILCS 550/4(b) (West 2010)), and vehicular hijacking (720 ILCS 5/18-4(a) (West 2010)). On June 4, 2010, a preliminary hearing was held in the circuit court of Cook County. Richard Johnson, Jr., testified that during the morning of May 26, 2010, he exited his vehicle and was walking toward his house when Velez held a gun to his head. With the gun to Johnson's head, Velez asked Johnson for his car keys, wallet and cell phone. After Johnson gave Velez the items, Velez ran to Johnson's car, got in the car, and drove away. Johnson did not know Velez prior to that date and did not give Velez permission to take his wallet, keys, or car. On cross-examination, Johnson denied that he ever bought drugs from Velez, that Velez was a guest in his home for dinner, or that he saw Velez two times during the week that Johnson's car was missing. The court found

_____

[1]Justice Karnezis participated in the original Rule 23 order filed November 13, 2012, prior to the expiration of his assignment to the Illinois Appellate Court.

that probable cause existed for aggravated vehicular hijacking and armed robbery.

¶ 4        On June 17, 2010, the State filed a multicount information charging Velez with numerous counts, including being an armed habitual criminal (count IV), unlawful use of a weapon by a felon (count V), and unlawful use or possession of a weapon by a felon (count VI). On November 8, 2010, Velez filed a motion to dismiss counts IV, V, and VI, contending that the State failed to present any evidence of a felony conviction at the preliminary hearing for the offenses of being an armed habitual criminal and unlawful use of a weapon by a felon. On December 10, 2010, the State filed a response to Velez's motion. The State argued that under section 111-2 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-2 (West 2010)), it is not required to present evidence at the preliminary hearing of each essential element of every offense that is charged, as long as the offenses arise from the same transaction or conduct. On January 21, 2011, the trial court dismissed counts IV, V, and VI, finding "[t]here is no evidence that was presented at the preliminary hearing that would support the fact that the defendant was convicted of one, two, three or any felonies. *** I have consistently ruled where only one felony is presented that the State cannot then charge a second and I will consistently rule to follow that consistency in my ruling here." On February 18, 2011, the State filed a motion for reconsideration of the court's ruling on Velez's motion to dismiss. On March 4, 2011, the trial court denied the State's motion for reconsideration. On March 21, 2011, the State filed a notice of appeal.

¶ 5                                          ANALYSIS

¶ 6        On March 4, 2011, the trial court denied the State's motion for reconsideration. On March 21, 2011, the State filed a timely notice of appeal. Therefore, this court has jurisdiction to consider the State's arguments on appeal pursuant to Illinois Supreme Court Rule 603 (eff. Oct. 1, 2010) and Illinois Supreme Court Rule 606 (eff. Mar. 20, 2009).

¶ 7        On appeal, the State contends that the trial court erroneously dismissed the armed habitual criminal charge and unlawful use of a weapon by a felon charges against Velez. The State argues that the trial court contradicted the plain language of section 111-2 of the Code when it ruled that the State was required to submit proof of Velez's prior felony convictions at the preliminary hearing in order to meet the elements of the charges by information. In response, Velez cites *People v. Thomas*, 407 Ill. App. 3d 136, 142, 943 N.E.2d 179, 184 (2011), and *People v. Jackson*, 269 Ill. App. 3d 851, 855, 646 N.E.2d 1299, 1303 (1995), to argue that proof of a defendant's prior felony conviction is a required element of the charges of being an armed habitual criminal and unlawful use of a weapon by a felon. The State does not dispute this. However, the parties disagree on how two cases, *People v. Redmond*, 67 Ill. 2d 242, 367 N.E.2d 703 (1977), and *People v. Kosyla*, 129 Ill. App. 3d 685, 472 N.E.2d 1207 (1984), interpret section 111-2 of the Code, and whether "every element" of each offense charged must be established by the evidence at the preliminary hearing.

¶ 8        This appeal presents an issue of statutory construction, which is a question of law and is reviewed *de novo*. *People v. Donoho*, 204 Ill. 2d 159, 172, 788 N.E.2d 707 (2003). The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature by interpreting the statute according to the plain and ordinary meaning of the

-3-

statute's language. *Id.* at 171-72, 788 N.E.2d at 715. Section 111-2 of the Code provides in pertinent part:

> "(a) All prosecutions of felonies shall be by information or by indictment. No prosecution may be pursued by information unless a preliminary hearing has been held or waived in accordance with Section 109-3 and at that hearing probable cause to believe the defendant committed an offense was found, and the provisions of Section 109-3.1 of this Code have been complied with.

> * * *

> (f) Where the prosecution of a felony is by information or complaint after preliminary hearing, or after a waiver of preliminary hearing in accordance with paragraph (a) of this Section, *such prosecution may be for all offenses, arising from the same transaction or conduct of a defendant even though the complaint or complaints filed at the preliminary hearing charged only one or some of the offenses arising from that transaction or conduct.*" (Emphasis added.) 725 ILCS 5/111-2 (West 2010).

¶ 9 The leading case on this issue is *Redmond*, in which the defendant was charged with aggravated battery. *Redmond*, 67 Ill. 2d at 243, 367 N.E.2d at 704. The complaining witness testified that when he attempted to purchase drugs from the defendant, the defendant pulled a gun from his pocket. *Id.* at 244, 367 N.E.2d at 704. When the complaining witness reached to grasp the defendant's arm, the gun went off and a bullet struck him in the leg. *Id.* After a preliminary hearing, the trial court entered a finding of probable cause for aggravated battery. *Id.* The State subsequently filed an information charging three counts of aggravated battery and adding a charge for attempted murder. *Id.* The defendant moved to dismiss the attempted murder charge on the ground that a preliminary hearing had not been held on that charge. *Id.* The trial court granted the motion. *Id.* at 245, 367 N.E.2d at 704.

¶ 10 The reviewing court reversed, holding that an information setting forth offenses not charged at the preliminary hearing but arising from the same transaction as that involved at the preliminary hearing does not violate due process. *Id.* at 248, 367 N.E.2d at 706. In *Redmond*, the court concluded that the State's charging the defendant with attempted murder was authorized under section 111-2. *Id.* at 249, 267 N.E.2d at 706-07. Further, as the court explained in *People v. Robinson*, 104 Ill. App. 3d 544, 432 N.E.2d 1195 (1982), "[a]n accused would be entitled to a second preliminary hearing only if the new charge was 'completely unrelated' and 'fundamentally different' from the offenses originally charged. [Cititation.]" *Robinson*, 104 Ill. App. 3d at 550, 432 N.E.2d at 1199-1200 (following *Redmond* and finding that the charge of armed robbery was related to the murder charge set forth in the preliminary complaint).

¶ 11 Here, the dismissed counts arose from the same conduct as the aggravated vehicular hijacking and armed robbery counts of the preliminary hearing. The complaining witness, Richard Johnson, Jr., testified during the preliminary hearing that Velez held a gun to his head and asked for Johnson's car keys, wallet, and cell phone, and then drove away in Johnson's car. The charges for being an armed habitual criminal and unlawful use of a weapon by a felon are not "completely unrelated" or "fundamentally different" from armed robbery and aggravated vehicular hijacking for which probable cause was found. See *id.*

These additional charges clearly arose from Velez's conduct on the date in question. The weapons charges at issue here arose out of the same facts as the charges considered at the preliminary hearing because the evidence presented at the preliminary hearing showed that Velez held a gun to Johnson's head and demanded Johnson's property.

¶ 12 Velez cites *People v. Kosyla*, 129 Ill. App. 3d 685, 472 N.E.2d 1207 (1984), to support his argument that the proper reading of the statute requires the State to present evidence at the preliminary hearing of *every element* of the offenses charged. Velez argues that *Kosyla* found that a reasonable construction of the language "all offenses 'arising from the same transaction or conduct of a defendant' " means that any offenses shown "*by the evidence presented*" at the preliminary hearing may be prosecuted even though such offenses were not initially charged at the time of the preliminary hearing. (Emphasis added.) See *Kosyla*, 129 Ill. App. 3d at 696, 472 N.E.2d at 1214. We do not agree with Velez's interpretation of the *Kosyla* court's meaning of "by the evidence." Our reading of "by the evidence" does not require a stricter interpretation of *Redmond*, and does not amount to a requirement that the State present at the preliminary hearing proof of every element of every offense charged. For instance, there was no evidence presented in *Redmond* that the defendant intended to commit murder, yet the State was nevertheless permitted to charge the defendant with attempted murder. See *Redmond*, 67 Ill. 2d at 243-44, 367 N.E.2d at 704. Therefore, we hold that the State presented sufficient evidence to meet the requirements of section 111-2(f) of the Code, and the trial court erred in dismissing the counts of being an armed habitual criminal, unlawful use of a weapon by a felon, and unlawful use or possession of a weapon by a felon.

¶ 13 For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with this opinion.

¶ 14 Reversed and remanded.