**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190791-U

Order filed May 3, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Henry County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0791 Circuit No. 18-CF-470 |
| DARIUS HENDERSON, | ) ) ) | Honorable Terence M. Patton, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Hauptman and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:  (1) The offense of unlawful possession of cannabis with intent to deliver was properly charged and prosecuted; and (2) evidence presented at trial was sufficient to prove the defendant guilty beyond a reasonable doubt.

¶ 2        The defendant, Darius Henderson, appeals his conviction for unlawful possession of cannabis with intent to deliver. The defendant argues: (1) the Henry County circuit court failed to find probable cause for this felony offense at the preliminary hearing, and (2) the evidence was insufficient to prove him guilty of this offense.

¶ 3                                           I. BACKGROUND

¶ 4       The State charged the defendant with one felony count of bringing contraband into a penal institution (720 ILCS 5/31A-1.1(a)(1), (d)(2) (West 2018)), one felony count of unlawful possession of cannabis with intent to deliver (720 ILCS 550/5(c) (West 2018)), and one misdemeanor count of unlawful possession of cannabis (*id.* § 4(b)) stemming from a December 20, 2018, arrest.

¶ 5       On January 14, 2019, the charges proceeded to a preliminary hearing. At the conclusion of the hearing, the following exchange occurred:

"THE COURT: Any arguments?

[DEFENSE COUNSEL]: No, Your Honor. Well, you just have to find probable cause on one offense—

THE COURT: Yes.

[DEFENSE COUNSEL]:—because I don't think it's there for possession with intent to deliver. It's 25 grams.

THE COURT: OK. All right. Well, on the bringing contraband into a penal institution, I'll find probable cause."

¶ 6       On September 27, 2019, the case proceeded to a bench trial. Illinois State Trooper Andrew Scott testified that on December 20, 2018, he encountered a vehicle parked on the shoulder of Interstate 74 with its hazard lights activated. The defendant was a passenger in the vehicle. The defendant also told Scott that he was a community college student and was not presently employed. Scott smelled the odor of fresh cannabis emitting from within the vehicle. He observed bits of loose cannabis on the defendant's clothing.

¶ 7          Scott had the defendant exit the vehicle and conducted a search of the defendant's person. Scott continued to smell fresh cannabis as he searched the defendant. During the search, Scott recovered a small scale from inside the defendant's pants. He felt another unnatural item with the back of his hand in the defendant's groin area. The defendant told Scott "I got a little bit," but did not specify what. Scott instructed the defendant to remove the item. The defendant said, "[t]here's—there's nothing there." Scott informed the defendant he would be arrested for obstructing justice if he did not remove the item, to which the defendant replied, "[t]here's nothing there. If it's there, go get it." A search of the vehicle revealed no further evidence. A video recording of the incident was admitted and published.

¶ 8          Scott transported the defendant to the jail and informed the deputies at the jail that the defendant was concealing an item. The deputies located a small plastic baggie containing approximately 25 grams of a green leafy substance in the defendant's underwear during a strip search, which field-tested positive for cannabis. Scott testified that this amount of cannabis would have a street value of between $300 and $500. Officers also recovered $300 on the defendant. Scott testified that, in his experience, 25 grams of cannabis was more than general personal use; however, the amount by itself did not indicate that it was intended for sale. The scale and cannabis were admitted into evidence.

¶ 9          Forensic scientist James Coglianese testified as an expert in forensic drug analysis. He determined the net weight of the green, leafy substance found on the defendant to be 23.9 grams. The substance tested positive for the presence of cannabis.

¶ 10         The court allowed the defendant's motion for directed verdict on bringing contraband into a penal institution. The court subsequently found the defendant guilty of unlawful possession of cannabis with the intent to deliver and unlawful possession of cannabis. When rendering his verdict

on unlawful possession of cannabis with the intent to deliver, the court explained that the totality of the evidence, the 23.9 grams of cannabis and the scale tucked inside the defendant's pants, bits of fresh cannabis on his clothing, no items indicating an intention to consume cannabis located, and carrying $300 when unemployed, left the defendant's possession of that cannabis with the intent to deliver as the only reasonable inference it could draw.

¶ 11     The counts merged, and the court sentenced the defendant to 24 months' probation and 46 days in jail on the unlawful possession of cannabis with the intent to deliver. The defendant appeals.

¶ 12                                    II. ANALYSIS

¶ 13                                A. Preliminary Hearing

¶ 14     The defendant argues his unlawful possession of cannabis with intent to deliver conviction should be reversed outright as the court failed to find probable cause for the charge at the preliminary hearing, citing *People v. Kirkley*, 60 Ill. App. 3d 746, 750-51 (1978) (a violation of article I, section 7 of the Illinois Constitution warrants outright reversal). The defendant contends the court only made a probable cause determination on the bringing contraband into a penal institution charge, and the court made an express finding of no probable cause on the intent to deliver cannabis charge.

¶ 15     Article I, section 7 of the Illinois Constitution provides that "[n]o person shall be held to answer for a crime punishable *** by imprisonment in the penitentiary unless *** the person has been given a prompt preliminary hearing to establish probable cause." Ill. Const. 1970, art. I, § 7. After probable cause is found on an offense at a preliminary hearing, section 111-2(f) of the Code of Criminal Procedure of 1963 (Code) allows the State to proceed by information on all other offenses arising out of the same transaction or conduct. 725 ILCS 5/111-2(f) (West 2018); *People*

4

*v. Redmond*, 67 Ill. 2d 242, 245 (1977). This issue concerns a question of law, which is considered *de novo*. *People v. Diggins*, 379 Ill. App. 3d 994, 996 (2008).

¶ 16     Here, the defendant was charged with two felony offenses, bringing contraband into a penal institution (720 ILCS 5/31A-1.1(a)(1) (West 2018)) and unlawful possession of cannabis with the intent to deliver (720 ILCS 550/5(c) (West 2018)). The court found probable cause on the bringing contraband into a penal institution charge and failed to make a finding on the intent to deliver cannabis charge. Despite the lack of a probable cause finding on the intent to deliver cannabis charge, the prosecution could continue without further hearing or indictment as long as the charges arose from the same conduct or transaction. See *Redmond*, 67 Ill. 2d at 245.

¶ 17     It is clear that bringing contraband into a penal institution and unlawful possession of cannabis with the intent to deliver are separate acts requiring separate conduct, regardless of their interrelated nature. *People v. McNair*, 138 Ill. App. 3d 920, 923-24 (1985). It is equally clear that while these charges do not arise out of the same conduct, they do stem from the same transaction between Scott and the defendant. The offenses occurred in an unbroken sequence of time where Scott came upon the defendant, made his observations, placed him under arrest, and transported him to jail. Accordingly, prosecution of and subsequent conviction for unlawful possession of cannabis with the intent to deliver was authorized under section 111-2(f) of the Code.

¶ 18                               B. Sufficiency of the Evidence

¶ 19     The defendant argues the State failed to prove his guilt of unlawful possession of cannabis with intent to deliver beyond a reasonable doubt. The defendant specifically contends that the State failed to establish his intent to deliver cannabis.

¶ 20     When reviewing the sufficiency of the evidence, the relevant inquiry is whether, viewed in the light most favorable to the State, any rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt. *People v. Howell*, 358 Ill. App. 3d 512, 528 (2005). All reasonable inferences from the record in favor of the prosecution will be allowed. *People v. Bush*, 214 Ill. 2d 318, 327 (2005). It is not the function of the reviewing court to retry the defendant. *People v. Smith*, 185 Ill. 2d 532, 541 (1999). The trier of fact must "resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from the facts." *People v. Gray*, 2017 IL 120958, ¶ 35. "A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt." *People v. Collins*, 106 Ill. 2d 237, 261 (1985).

¶ 21        To sustain a conviction for unlawful possession of cannabis with intent to deliver, the State must prove: (1) the defendant knowingly had immediate control or possession of 10 to 30 grams of cannabis, and (2) the defendant possessed said cannabis with the intent to deliver it to another. 720 ILCS 550/5(c) (West 2018). The intent to deliver element is most often proven by circumstantial evidence, as direct evidence of such intent is rare. *People v. Robinson*, 167 Ill. 2d 397, 409 (1995). Factors probative of a defendant's intent to deliver include whether the quantity of the controlled substance was too large for personal consumption; the purity of the substance confiscated; the possession of weapons; the possession of large amounts of cash; the possession of police scanners, beepers, or cell phones; the possession of drug paraphernalia; and how the substance is packaged. *Id.* Our supreme court has made clear that these factors are merely examples of the "many different factors [that] have been considered by Illinois courts as probative of intent to deliver." *Id.* at 408. However, this list is not "exhaustive" or "inflexible." *Bush*, 214 Ill. 2d at 327.

¶ 22        Here, according to Scott's testimony, the defendant possessed an amount of cannabis that was greater than what one would possess solely for personal use. However, this fact alone is not

dispositive of the defendant's intent, "[a]s the quantity of controlled substance in the defendant's possession decreases, the need for additional circumstantial evidence of intent to deliver to support a conviction increases." *Robinson*, 167 Ill. 2d at 413.

¶ 23    In addition to the 23.9 grams of cannabis hidden in the defendant's underwear, the police found a scale, which is a piece of paraphernalia associated with the selling of drugs. See *People v. Songer*, 229 Ill. App. 3d 901, 905 (1992) ("[F]actors which may support or enhance the inference of intent to deliver include *** the presence of paraphernalia used in the sale of drugs, including a scale."). The defendant was also unemployed but possessed $300. His clothes had loose, fresh cannabis on them, and both the vehicle and the defendant had an odor of fresh cannabis. There was no odor of burnt cannabis nor any paraphernalia associated with the smoking of cannabis. Taken together, this evidence is sufficient to prove beyond a reasonable doubt that the defendant intended to deliver the cannabis found in his possession.

¶ 24                                    III. CONCLUSION

¶ 25    The judgment of the circuit court of Henry County is affirmed.

¶ 26    Affirmed.